### LEWIS HILLIARD *v.* MOSES MOORE.

A note given 28th July, 1864, for one hundred dollars, and payable January 1st, 1866, which says, " This money to be paid in current funds at the time the note falls due," can only be discharged by a payment in such funds as are current at the time of the maturity of the note.

*Chapman* v. *Wacaser*, 64 N. C. 532, cited and approved.

Appeal from the judgment of a Justice of the Peace, tried before *Watts, J.,* at Chambers.

The plaintiff declared on the following promissory note :

" On or before January 1st, 1866, I promise to pay Lewis Hilliard, or order, one hundred dollars, for hire of negro girl, Cely, for the years 1864 and 1865. This money to be paid in current funds at the time the note falls due."

Dated July 28th, 1864.

The Justice admitted parol evidence as to the motives the defendant had in hiring the girl, and as to her value. The Justice rendered judgment according to the scale, for $5.23, which was affirmed by his Honor, upon the ground that the Justice acted upon a *quantum meruit,* from the evidence of the witness. Appeal by defendant.

*Busbee & Busbee,* for plaintiff.
No counsel for defendant.

DICK, J. This case is governed by the rules of construction adopted in the case of *Chapman* v. *Wacaser,* 64 N. C. 532.

At the time the note was executed, Confederate money was the currency of the country, and if there was no express agreement to the contrary, the law would presume that it was solvable in such currency.

This presumption of law is raised by the statute of 1866, ch. 38, 39, and applies only to contracts made during the late war.

HILLIARD *v.* MOORE.

This presumption is founded upon the supposed intent of the parties to such contracts, derived from the facts and circumstances existing at the time the contract was made. When a different intent appears from the express stipulations of the parties, no such presumption can arise, and the provisions of the statute do not apply.

In our case, it is evident that the parties knew that Confederate money was rapidly depreciating, and they were willing to take the chances of a future and different condition of things; and they expressly agreed, that the note was to be paid in funds which were current when the note became due. It was a kind of speculating contract; and although the defendant is the loser, he must abide by his agreement, as he is not relieved by the statute.

There was error in the ruling of his Honor, and there must be judgment for the plaintiff, for the face of the note and interest.

PER CURIAM.                                    There is error.