KELLY W. DAVIS *v.* S. GLENN and another.

A note dated August 15th, 1864, payable six months after date, in current funds, when called for, became due at the end of six months from date, and was subject to the Legislative scale.

(*Howard* v. *Beatty*, 64 N. C. Rep. 559; *McKesson* v. *Jones*, 66 N. C. Rep. 238; *Ormond* v *Meye*, 11 Ired. 664 cited and approved.)

CIVIL ACTION for the recovery of a note of hand, tried by his Honor *Judge Kerr*, at Fall Term, 1874, of GUILFORD Superior Court.

The case had been submitted to referees, who found for the plaintiff. This finding was affirmed by the Judge of the Superior Court, when the defendant appealed.

The facts are sufficiently set out in the opinion of Justice RODMAN.

*Mendenhall & Staples, Shipp & Bailey*, for appellant.
*W. P. Caldwell* and *Collins*, contra.

RODMAN, J.   This was an action to recover on a note in the following form :

"Six months after date we promise to pay K. W. Davis four hundred and twenty dollars in current funds when called for.
(Signed,)                      S. B. GLENN, [Seal.]
                               JAMES DAVIS, [Seal.]
August 15th, 1864.

There was no proof as to what was the consideration of the note.   No demand for payment was made until after the close of the war, and there was no tender of payment.

The question is whether the note is subject to the scale.

The difficulty in applying the law to the contract arises from the uncertainty as to what time the phrase "current funds" was meant to apply to, whether to time of the making of the note, or of its maturity, or of the demand of payment after its maturity.

Of the numerous cases on Confederate contracts in our recent reports, not one exactly resembles this. In *Howard* v. *Beatty*, 64 N. C. 559, the note sued on was dated 3d of April, 1865, payable at twelve months in current money. It was made and became payable during the war, and there was no ground to take it out of the scale.

In *McKesson* v *Jones*, 66 N. C. 259, the note was dated 14th November, 1863, and was payable two years after date in the current funds of the country *when due,* which phrase clearly made it payable, under the circumstances, in United States currency.

It must be confessed that the construction of the present instrument is very uncertain. We are of opinion, however, that the note became due at the end of six months from its date; after that period, it became like a note originally made payable on demand; it bore interest; the debtors were at liberty to tender payment of it; it could be sued on without a demand. We do not think it resembled the note in *Ormond* v. *Maye,* 11 Ired. 364, which was to be paid *when presented.* A note payable *on demand* has from an early period received with us, a different construction from a bill payable at sight, or on other like condition. It follows from this that the words " current funds " mean Confederate money and that the note under our legislation, must be scaled at its date. The only objection to this construction is that it gives but little weight to the words, " when called for." Probably they were understood to mean no more than to remove from the debtor the obligation of seeking the creditor to make payment, the creditor taking the duty of calling for the money on himself. It has been held in Virginia that a note which becomes payable on a day which happens to be after the war " in current funds," was subject to their scale. *Sexton* v. *Windell,* Grat. 534.

We consider it unnecessary to consider the motion made on affidavits to vacate the judgment.

PER CURIAM. Judgment reversed and *venire de novo.*