J. R. PALMER v. J. R. LOVE'S Exr's.

A bond executed in June, 1863, nothing to the contrary appearing, is presumed to be solvable in Confederate currency.

Where a note, payable in Confederate currency, is given for property, the value of that currency at the time and place of the contract, is the true measure of the value of the contract.

(The case of *Hilllard* v. *Smith,* 65 N. C. Rep., 540, cited and approved!)

CIVIL ACTION, tried before CANNON, J., at Spring Term, 1876, of HAYWOOD Superior Court.

The action was brought upon a bond given by J. R. Love to J. C. Palmer, dated June 5th, 1865. Upon the trial the plaintiff offered to prove the consideration of the note and its value by parol testimony. The Court received the evidence and the defendants excepted. The objection of the defendant to the reception of parol testimony to prove the consideration of the bond was based upon two grounds :

1. That the Act authorizing it was void, because it was in violation of the Constitution of the United States.

2. That the plaintiff had not set forth in his complaint the consideration for which the note was given ; nor had he given the defendants notice of the kind of property for which the bond was given.

There was evidence tending to show that the bond was

given to secure the payment of the purchase money for various articles of personal property, and also tending to show the value of these articles.

There was a verdict and judgment for the plaintiff and the defendants appealed.

*J. H. Merrimon,* for appellant.
No counsel *contra* in this Court.

BYNUM, J.  The obligation sued on was executed in the month of June, 1863, and it is, therefore, presumed to have been solvable in Confederate currency.  *Hilliard* v. *Moore,* 65 N. C. Rep., 540.

In *King* v. *The Wil. & Weld. R. R. Co.,* recently decided in the Supreme Court of the United States and not yet reported, it was held, reversing the decision of this Court in the same case, (66 N. C. Rep., 277,) that where a note payable in Confederate currency is given for property, the value of that currency, at the time and place of the contract, is the true measure of the value of the contract.  See, also, *Sherrington* v. *Smith,* 8 Wall., 1.  As the decision of that Court, in *King's* case, was based upon the construction of the clause in the Constitution of the United States, forbidding all laws impairing the obligation of contracts, as applied to Confederate notes given for property, it is a binding authority in this Court.  Accordingly, here the plaintiff must establish what his Confederate note of $525, the agreed price of the property sold, was worth in National currency at the time and place of the contract.

It may not always be easy to arrive at the value of Confederate money, at a given time and place.  In default of other and better proof, it would, doubtless, be competent to give in evidence the value of the property for which the note was given, for the purpose of showing, as near as may be, the value of the Confederate currency named in the note.

In the present case, the Court decided that the plaintiff was entitled to recover the value of the property sold. In this there is error.

PER CURIAM. Judgment reversed and *venire de novo.*