### J. R. PALMER v. LOVE'S EXECUTORS.

*Confederate Money—Scale of Depreciation.*

Where a note made in 1863 does not show upon its face that it is solvable in confederate currency, it is nevertheless presumed to be solvable in that currency under the act of 1866, ch. 39 ; and the scale of depreciation established by that act furnishes the measure of the value of the contract, subject to evidence of its execution with a different intent.

(*King* v. *W. & W. R. R. Co.*, 91 U. S., 3, (66 N. C., 277) cited and commented on.)

CIVIL ACTION, tried at December Special Term, 1879, of HAYWOOD Superior Court, before *Graves, J.*

The note sued on, "One day after date I promise to pay J. C. Palmer five hundred and twenty-five dollars, for value received.    Witness my hand and seal.    June 3rd, 1863. (Signed) J. R. Love, [Seal]," was endorsed to the plaintiff. Under the instructions of the court, there was a verdict for plaintiff, judgment, appeal by defendant.

*Messrs. T. F. Davidson* and *Reade, Busbee & Busbee,* for plaintiff.

*Messrs. J. L. Henry, J. H. Merrimon* and *A. W. Haywood,* for defendant.

DILLARD, J. This is an action founded on a bond for five hundred and twenty-five dollars, dated in June, 1863, which was given in consideration of various articles of personal property. On appeal to this court heretofore it was ruled that the judgment of the court below was erroneous, in that, the value of the property was held to be in law the true measure of the contract. See 75 N. C., 163. At the trial before Judge Graves, evidence was received against the objection of defendant, showing the contract sued on to be given for property, and tending to show the aggregate value of the property to be four hundred dollars. There was also evidence on both sides tending to show the value of confederate currency at the time and place where the contract was executed.

The defendant asked the court to instruct the jury that the value of the confederate money in which the note by presumption was solvable, must be fixed by the legislative scale. This instruction, the judge refused, but instead thereof told the jury, that the scale of depreciation was unconstitutional, and not binding on them in fixing the value of the contract and was not the best evidence, but that they might consider it together with the value of the property for which the bond was given, and also the testimony of the witnesses introduced as to the value of the confederate money in the neighborhood, in determining the value of the contract.

It was decided in *King* v. *W. & W. R. R Co.*, removed from this court to the supreme court of the United States and reported in 91 U. S. 3, that the act of 1865-'66, ch. 39, authorizing proof to be received of the value of the property which formed the consideration of a bond or note executed during the war, in determining the value of such bond or note, in the currency of the United States, was unconstitutional and void. There, the bond on its face was solvable in confederate money, and being so, the authority under

the act to furnish a measure of value of the money which was to be paid and received, by the value of the property for which it was given, was in effect a new contract made by the statute and not by the parties, and in this feature it was violative of the constitution of the United States. In our case the currency is not expressed on the face of the bond in which it was to be paid, but by presumption under the ordinance of the convention of 1865 it was to be deemed solvable in confederate currency unless a different intent be shown, and no such intent being claimed, it was only admissible to prove the equivalent value of the confederate currency due on the note in the money of the United States.

But His Honor holding the legislative scale to have been declared void by the supreme court of the United States in *King's case supra*, admitted proof of the value of the property as a better guide to the value of the note sued on than the scale, and although he cautioned the jury not to take the value of the property as fixing the value of the note, but only as evidence to be considered in connection with other proofs, and upon a view of the whole to find the value of the confederate money at the date of the contract, still its admission was contrary to the spirit of the decision in *King's case.* The value of the property given in evidence was the controlling evidence and diverted the minds of the jury from all enquiry into its equivalent value in gold and silver, which ought to have been found as the value of the note.

This mode of ascertaining the value of confederate money with reference to gold and silver was approved in the case of *Thorington* v. *Smith*, 8 Wallace, 1, and our scale act embodies a valuation of confederate money with reference to the same standard, and it not only has not been held void in *King's case*, but from its consistency with the principles declared in *Thorington* v. *Smith*, *supra*, we assume will never be.

The scale made in pursuance of the ordinance of the convention of 1865, by the acts of 1865–'66, ch. 39, § 1, applies by presumption to all contracts made during the war, subject to evidence of their execution with a different intent, and it has been pronounced constitutional in this court and acted on as such in all the cases which have arisen under the act. It embodies the mode of valuation precisely which received the sanction of the supreme court of the United States in *Thorington* v. *Smith,* and provides a measure of the value of confederate currency for every month in each year during the war, fair in itself and of convenient application, and in legal effect the ordinance of the convention requiring the adoption of a scale by the legislature, and the act establishing the scale, require its application as a measure to all executory contracts coming within its scope.

We hold, therefore, that His Honor was in error in receiving proof of the value of the property, but should have submitted it to the jury to find the value according to the legislative scale.

The judgment of the court below is reversed, and this will be certified to the end that a new trial may be had.

Error.                                    *Venire de novo.*