R. B. & J. B. BRICKELL, Exr's, v. CATHARINE BELL and others.

*Confederate Currency—Scale—Jurisdiction—Trial.*

1. A bond executed in February, 1865, " for two hundred and forty-five dollars in current funds," nothing appearing to the contrary, is presumed to be payable in confederate money, and is subject to the legislation scale of depreciation.

2. The superior court has jurisdiction of an action upon such bond, the

sum demanded (meaning the principal) being in excess of two hundred dollars. But it was error in the court, on overruling a demurrer to the jurisdiction, to proceed to judgment without the intervention of a jury.

(*Palmer* v. *Love*, 75 N. C., 163; *Hilliard* v. *Moore*, 65 N. C., 540; *Howard* v. *Beatty*, 64 N. C., 559; *Davis* v. *Glenn*, 72 N. C., 519; *McKesson* v. *Jones*, 66 N. C., 258; *Chapman* v. *Wacaser*, 64 N. C., 532; *Hedgecock* v. *Davis*, 64, N. C., 650; *Dalton* v. *Webster*, 82 N. C., 279; *Derr* v. *Stubbs*, 83 N. C., 539, cited and approved.)

CIVIL ACTION heard on complaint and demurrer at November Special Term, 1880, of HALIFAX Superior Court, before *Graves, J.*

This action was brought in the superior court to recover the amount due upon the following bond: On demand the first of January, 1876, we, or either of us promise to pay to John Whitfield or order two hundred and forty-five dollars in current funds. Dated February 18th, 1865. Before the suit was commenced, the bond was assigned to plaintiffs' testator for value. The defendants demurred to the complaint upon the ground that it appeared on its face the court had no jurisdiction of the subject of the action, in that the amount claimed was under two hundred dollars, and upon the hearing it was adjudged that the demurrer be overruled and the plaintiffs recover of defendants the sum of four hundred and sixty-three dollars and thirty-one cents, from which judgment the defendants appealed.

*Mr. Thomas N. Hill*, for plaintiffs.
*Messrs. Kitchin & Dunn*, for defendants.

ASHE, J. The questions presented for our consideration by the appeal are:

1. Was the bond sued on subject to the scale?
2. If it was, did the superior court have jurisdiction?

By the ordinance of the convention of 1865, all executory contracts solvable in money, whether under seal or not, made after the depreciation of said currency, before the first

day of May, 1865, and yet unfulfilled (except official bonds and personal bonds payable to the state) shall be deemed to have been made with the understanding that they were solvable in money of the value of said currency, subject nevertheless to evidence of a different intent of the parties to the contract; and by the act of 1866, ch. 44, §1, it is provided that the scale shall be construed to apply to debts herein mentioned, at the date of contracting the same, and not at the time the debts become due. At the time this bond was executed, confederate money was the only currency of the country, and where it does not otherwise appear upon the face of the note or bond, or there was no agreement of the parties to the contrary, it was presumed to be payable in confederate money. *Palmer* v. *Love*, 75 N. C., 163; *Hilliard* v. *Moore*, 65 N. C., 540. The bond sued on therefore having been given during the war, and nothing appearing to the contrary, it is presumed to be payable in confederate money, and subject to the scale.

But it is contended that the terms "current funds," rebuts the presumption, and is evidence of the intention of the contracting parties that the bond should be paid in some other than confederate currency, to-wit, in such funds as might be in circulation at the time when the bond should fall due; but it has been expressly decided to the contrary. In the case of *Howard* v. *Beatty*, 64 N. C., 559, which was an action upon a bond, payable at twelve months, "in current money," and dated April 6th, 1865, it was held subject to the scale; and in the case of *Davis* v. *Glenn*, 72 N. C., 519, which was an action on a single bill dated August 15th, 1864, and payable six months after date, in current funds, it was decided that this note was solvable in confederate money, and subject to the scale. To the same effect is the case of *Sexton* v. *Wendell*, 23 Gratt., 534.

There are some cases, that at first seem to conflict with these, as *McKesson* v. *Jones*, 66 N. C., 258; *Chapman* v. *Waca-*

*ser*, 64 N. C., 532, and some others. But upon looking into them, it is found that the bonds or notes sued on, contain some such stipulations as to be paid in current funds or money, *when the note falls due*—ten days after peace, or some such like terms, which indicated the intention of the parties that the note or bond was to be paid in some other funds than confederate money.

And it is insisted, if the bond sued on is subject to the scale, then the superior court had no jurisdiction, for the sum sued for is less than two hundred dollars. This ground of demurrer cannot be sustained. By the constitution of 1868, it is declared that the several justices of the peace shall have exclusive original jurisdiction, under such regulations as the general assembly shall prescribe, when the *sum demanded* shall not exceed two hundred dollars, and the legislature has provided by section fifteen, chapter sixty-three, of Battle's Revisal, amended by the acts of 1877, ch. 63, that where it appears in any action, brought before a justice of the peace, that the *sum demanded* exceeds two hundred dollars, the justice of the peace shall dismiss the action, and render judgment against the plaintiff, unless the plaintiff shall remit the excess of principal above two hundred dollars, with the interest on said excess, and shall, at the time of filing his complaint, direct the justice to make this entry: "The plaintiff in this action forgives and remits to the defendant so much of the principal of this claim as is in excess of two hundred dollars, together with the interest on said excess." The words "sum demanded," have been construed to mean the principal of the note. *Hedgecock* v. *Davis*, 64 N. C., 650; *Dalton* v. *Webster*, 82 N. C., 279; *Derr* v. *Stubbs*, 83 N. C., 539.

There is no error in overruling the demurrer, but there is error in proceeding to judgment without the intervention of a jury.

Let this be certified to the superior court of Halifax county,

that further proceedings may be had in conformity to this opinion and the law of the state.

Error.                                                 *Venire de novo.*