Filed Feb. 19, 1892.

---

No. 15,450.

## PATTISON *v.* BABCOCK ET AL.

PRACTICE.—*Demurrer to Paragraph of Answer.—Erroneously Sustaining.—Another Paragraph on File.*—Sustaining a demurrer to a paragraph of answer when another paragraph is on file which is applicable to the same state of facts plead in the one to which the demurrer is sustained is a harmless error.

MARRIED WOMAN.—*Principal or Surety.—Ratification.*—If a husband procure a conveyance of land to be made to his wife, instead of to himself, without her knowledge, and she execute with him a note and mortgage to secure the payment of the purchase-money, the vendor supposing she is the purchaser, and afterwards she is informed of the fact that the conveyance was made to her, and she does not object to the transaction until suit is brought to foreclose such mortgage, her action will amount to a ratification of the transaction, and she is bound thereby.

From the Starke Circuit Court.

*N. L. Agnew* and *B. Borders,* for appellant.

*W. O. Johnson* and *J. S. Slick,* for appellees.

McBRIDE, J.—The appellee owned certain real estate in Pulaski county which he conveyed to the appellant.

She, with her husband, executed to him notes for the purchase-money, and also executed to him a mortgage on the

property as security for the notes. This was a suit on the notes and to foreclose the mortgage.

The appellant answered in four paragraphs.

The first was the general denial.

The second and third were pleas of suretyship, alleging, in substance, that when the notes and mortgages were executed she was a married woman, that the debt represented by the notes was her husband's debt, and that she executed them as his surety only.

The fourth paragraph alleged, simply, that she received no consideration for the notes, and was, when she executed them, a married woman.

To this paragraph the court sustained a demurrer.

The first assignment of error challenges the correctness of this ruling. The answer in question is not good as a plea of want of consideration, and, if sustained at all, it could only be as being in effect a plea of suretyship. It is unnecessary for us to consider whether its averments are sufficient, viewing it as a plea of that character, for the reason that the appellant already had the full benefit of that defence under two other answers.

Even assuming this answer to be good, therefore, there could be no available error in the ruling.

The remaining questions in the record may all be properly and profitably considered together.

The court made a special finding of the facts, which, in so far as it is material to any question arising on this appeal, is substantially as follows:

On and before August 1st, 1883, the appellee, who was a resident of Fulton county, was the owner in fee of the mortgaged land, consisting of forty acres, situated in Pulaski county, which was subject to the lien of the taxes for the year 1883, and a ditch assessment of $85.50. The appellant, who was then the wife of one George H. Van Gorder, resided with her husband in Fulton county. Some two years later Van

Gorder deserted her, and she was subsequently divorced from him, and intermarried with the appellee Harris E. Pattison.

The appellee, desiring to sell the land, called upon Van Gorder a few days before August 1st, 1883, and offered to sell it to him for $400, in payments, the liens on the land to be assumed as a down or cash payment. Van Gorder informed him that he thought his wife would take it, and requested him to wait a few minutes until he could confer with her. Van Gorder went away, but soon returned, and informed the appellee that his wife would take the land. It was then arranged between the appellee and Van Gorder that the appellee should return to his home in Fulton county, and, with his wife, execute a deed for the land to the appellant subject to said liens, and should cause to be prepared notes and a mortgage covering the deferred payments of purchase-money, and should send them to the bank at Winamac, Indiana, with instructions to the bank to deliver the deed, on the execution by Van Gorder and the appellant of the notes and mortgage.

The court finds that during the negotiations the appellant and appellee never met; that there was no communication between them ; and that the appellant had never, prior to that time, authorized Van Gorder to act for her. The appellee having, with his wife, signed, sealed and acknowledged the deed, sent it, with the notes and mortgage, to the bank at Winamac. Van Gorder called at the bank and got the notes and mortgage, and he, with the appellant, signed them, and acknowledged the mortgage before a notary public. The appellant's signature was the first placed to both notes and mortgage. Van Gorder then delivered the notes and mortgage to the bank, and received the deed, which he caused to be recorded. The notes and mortgage were transmitted to the appellee. The deed was not placed in the hands of the appellant, and she never occupied or did any thing with the land.

The mortgage was in the ordinary form, with general war-

ranty. The taxes and ditch assessment were not paid, the land was sold to pay them, a deed was made to the purchaser, who thereafter foreclosed his lien, and in time became the owner of the property under foreclosure sale. The court finds that when the appellant executed the notes and mortgage she had no actual knowledge that the deed had been made to her, but that, within four weeks thereafter, and before the property was sold for taxes, her husband informed her that it was so made, and that he had caused it to be done to defraud his creditors. The court also finds, in this connection, that the appellee had no knowledge of the foregoing facts, and that the appellant at no time before the commencement of this action communicated to or in any way notified or informed him that she had not accepted the deed, but remained silent, and that he had no knowledge of her claim that she had not accepted the deed, until her answer was filed in this case, and that the appellant and the appellee never saw or communicated with each other until two years after the mortgage was executed.

The court finds that throughout the entire transaction the appellee acted in the utmost good faith, and always believed that every step in the transaction was with the full knowledge and consent of the appellee, and that he took and held the notes relying upon her personal credit and her ability to pay them.

The appellant assails the findings vigorously, insisting that they are not sustained by the evidence—especially the findings relative to the good faith of the appellee, and that reciting that Van Gorder informed appellee that his wife would take the land.

Special findings, like the verdict of a jury, will not be set aside in this court if there is any evidence tending to sustain them.

We have, however, looked into the evidence, and find no inconsistency between it and the findings sufficient to affect the result.

The only controversy in the case is over the personal judgment which the court rendered against the appellant It is conceded that the appellee was entitled to a decree, foreclosing the mortgage. The appellant contends that upon the facts found the appellant is to be treated as a mere surety for her husband, and that, although not entitled to avail herself of the defence as against the mortgage, there can be no personal judgment against her.

In our opinion there is nothing of suretyship, directly or indirectly, involved in the transaction.

It is undisputed that the appellant obtained title to the land which formed the sole consideration for the notes. She knew of this fact within four weeks after the transaction, and with full knowledge retained it, and made neither effort nor offer to rescind or reconvey. She had the power to buy in the first instance and to execute her notes for the purchase-money. She had equally the power to ratify the purchase after it was made, even if it was originally made without authority. Retaining the title to the land for years, with full knowledge of the facts, and with no offer to rescind or reconvey, would be a complete ratification.

We find no error in the record.

Judgment affirmed.

The appellant having died since the submission of the cause, it is ordered that the judgment of affirmance be entered as of the date of the submission.

Filed Feb. 20, 1892.