Swaim *et al. v.* Swaim *et al.*

———◆———

No. 16,163.

SWAIM ET AL. *v.* SWAIM ET AL.

EVIDENCE.—*Objections to.—How Made.*—Where objection to evidence is that it is "immaterial, irrelevant and incompetent," such objection is too general and indefinite, and no question can be raised thereby on appeal.

SAME.—*Tax Duplicate.—When Admissible.—Tax Receipts.*—A certified copy of the tax duplicate is not proper evidence of the value of the property taxed for purposes other than taxation; neither are tax receipts admissible to prove values.

INSTRUCTIONS TO JURY.—*Limit in Application of Evidence.*—In an action to quiet title to real estate, an instruction given by the court limited the application of the evidence of the condition of the estate to a determination of the one question, as to what was included in an alleged settlement and compromise. In view of the fact that there was evidence introduced by both parties as to the value of the estate, such instruction was not erroneous.

SAME.—*Erroneous.—When will not Work a Reversal.—Correct Verdict.*— Where a verdict is correct upon the evidence, a cause will not be reversed upon an erroneous instruction.

From the Vermillion Circuit Court.

*H. H. Conley, J. C. Sawyer, U. J. Hammond* and *E. St. G. Rogers,* for appellants.

*S. D. Puett, A. Adams, J. Jump* and *C. W. Ward,* for appellees.

HACKNEY, J.—The appellees, by complaint in two paragraphs, sought to quiet the title to a tract of land in Parke county, consisting of sixty-six acres.

The first paragraph was in the ordinary form, and the second alleged the ownership by the appellees of another tract in said county, consisting of eighty-five acres, which was subject to a mortgage in favor of one Lane; that said Marquis and Moses, in 1885, were involved in disputes and controversies as to their interests in the estate of their deceased father, and then agreed in writing, upon a settlement of such differences, the said Moses agreeing to convey to Marquis the said eighty-five acres, subject to said mortgage, and said Marquis agreeing to convey to Moses said sixty-six-acre tract; that deeds were executed pursuant to said agreement, and after the delivery of the deed to Moses said Marquis wrongfully burned and destroyed the same before the recording thereof, and that said Marquis and his wife claim some interest in said sixty-six-acre tract.

The cause was submitted upon an answer in general denial, and resulted in a finding and judgment for the appellees.

The error assigned is the action of the court in overruling the appellants' motion for a new trial.

Counsel for appellants, in their brief, present:

*First.* The action of the trial court in admitting oral evidence of the value of the estate of John Swaim, the father of Marquis and Moses, prior to his death.

*Second.* The inventory of said estate made by the executor.

*Third.* The circumstances of a quarrel and fight between Marquis and Moses, introduced by the appellees.

*Fourth.* The exclusion of copies of the tax duplicate, certified by the auditor, and offered by the appellants, in rebuttal of appellees' evidence as to the value of said estate.

*Fifth.* The exclusion of tax receipts issued to said

John, offered by the appellants in further rebuttal of values.

*Sixth.* The giving by the court of its fourth instruction.

The appellants' objection, in the trial court, to the introduction of the evidence covered by the first, second and third alleged errors above suggested, was in each instance as follows: The defendants object, on the ground that the evidence is "immaterial, irrelevant and incompetent."

These objections are too general and indefinite. *Metzger* v. *Franklin Bank*, 119 Ind. 359; *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196; *McCullough* v. *Davis*, 108 Ind. 292.

Unless the objection to offered evidence be sufficiently specific to enlighten the trial court, and enable it to pass upon the sufficiency of such objection, and to observe the alleged harmful bearing of such evidence, from the standpoint of the objector, no question can be presented thereon in this court.

Frequently if the trial courts were given, by counsel, the light upon objections that is given to this court, the errors complained of would be avoided, litigants would be spared delays and expense, and justice would be administered speedily. But for the rule requiring specific objections, the litigant whose contest is for delay only could envelop in a general objection a valid point against the offered evidence, and of which the trial court would have no knowledge of the real point against it, and on appeal, when the point is disclosed, an error is found, one which the trial court would not have committed if informed, and delay is secured at the expense of the litigant whose cause is just. To avoid such results the rule of the cases above cited is designed.

As to the fourth point of contention by the appellants, it seems clear that a certified copy of the tax duplicate is

not proper evidence of the value of the property taxed for purposes other than taxation. *Cincinnati, etc., R. R. Co.* v. *McDougall*, 108 Ind. 179. The original list of the property-owner, as against his interests, might, in some cases, be held admissible; but the tax duplicate is not a copy of the list, nor is it a record made by the lister or at his direction. The tax receipts are not declarations of value, and of themselves could give the court or jury no assistance in determining values, neither are they admissions of the payer.

The fourth instruction complained of by the appellants directed the jury to limit the application of the evidence of the condition of the father's estate to a determination of the one question, as to what was included in the alleged settlement and compromise.

Evidence was introduced by both parties as to the value of the father's estate, and if it had any possible bearing upon the questions at issue, it was for the purpose pointed out by the court. While we doubt very seriously the admissibility of such evidence, under the issues, yet we are not now considering the admissibility of the evidence; but upon the theory of its admissibility the instruction would have been proper, and certainly would have been fair to the appellant, in guarding the jury from a verdict upon mere prejudice.

We have carefully considered all the evidence, and find that as to the making of the deed in question there is no disagreement between the parties. As to the delivery of the deed, there is a slight difference between the appellant Marquis and the witnesses for the appellees, but the preponderance in favor of a delivery of the deed is overwhelming. If the verdict is correct upon the evidence, a cause will not be reversed upon an erroneous instruction. *Wallace* v. *Morgan*, 23 Ind. 399; *Felkner* v. *Scarlet*, 29 Ind. 154; *Herbert* v. *Drew*, 32 Ind. 364;

*Evansville, etc., R. R. Co.* v. *Barbee,* 74 Ind. 169; *State, ex rel.,* v. *Ruhlman, Exx.,* 111 Ind. 17; *Stevens* v. *Stevens,* 127 Ind. 560; *Woods* v. *Board, etc.,* 128 Ind. 289; section 658, R. S. 1881; Thornton's Instructions to Juries, section 204, and authorities there cited.

The judgment of the lower court is in all things affirmed.

Filed Mar. 14, 1893; petition for a rehearing overruled June 13, 1893.