McCloskey, Administrator, v. Davis, Administratrix.

No. 970.

McCloskey, Administrator, v. Davis, Administratrix.

ADMISSIONS.—*When Sufficient to Shift Burden of Proof.—Open and Close.—Promissory Note.—Attorney's Fees.—Chattel Mortgage.—Decedent's Estate.*—Where an administrator, in an action on a contested claim, for the purpose of obtaining the opening and close of the evidence and argument in the case, after the jury had been impanneled and before the claimant had introduced any evidence, admitmitted the execution of the notes (they being secured by chattel mortgage) forming the basis of the claim, and also admitted the reasonableness of attorney's fees as set forth in the claim, such admissions are not sufficient to entitle the estate to the open and close in the case, for the reason that the admissions do not shift the burden of proof so that the claimant might have complete recovery and relief on his claim, without the necessity of introducing evidence, the claimant being entitled to make proof of attorney's fees, above the amount stated in the claim, and, also, to make proof of the chattel mortgage, the admissions not being broad enough to satisfy the issues in these respects.

EVIDENCE.—*Objections, How Made.*—All objections to the introduction of evidence, to be available on appeal, must be specific.

Concurring opinions by DAVIS, J., and GAVIN, J.

From the Montgomery Circuit Court.

*G. D. Hurley* and *M. E. Clodfelter*, for appellant.
*W. T. Brush* and *E. C. Snyder*, for appellee.

Ross, J.—The appellee, Amanda Davis, as administratrix of the estate of James Davis, deceased, filed two notes, secured by chattel mortgage, as claims against the estate of Albert Allen, deceased, of which estate the appellant was acting as the administrator. The claims were not allowed by the administrator, and, at the proper time, were transferred to the issue docket for trial. The appellee recovered judgment in the court below in the sum of twelve hundred and fifteen dollars.

The appellant has assigned, on this appeal, the following reasons for the reversal of said judgment, viz.:

"1st. The court erred in overruling appellant's motion for a new trial.

"2d. The court erred in overruling appellant's motion for leave to assume the burden of the issue and open and close the evidence and argument in the cause."

The second error is not well assigned in this court. If the court below committed an error in its ruling on appellant's application for the open and close, that was cause for a new trial.

The first cause assigned in the motion for a new trial is that the court erred in overruling the appellant's motion for leave to assume the burden of the issues and open and close the evidence and argument in the case. The record discloses that after the jury had been impanneled, and before the appellee had introduced any evidence, the appellant made the following admission, viz.: "The defendant, for the purpose of obtaining the opening and close of the evidence and argument in this case, admits the execution of the notes sued on, and also admits that $52.20 is a reasonable attorney fee on the first note; $34.35, the amount claimed, is a reasonable attorney fee on the second note, as set forth in the claim. Upon these admissions, we ask the opening and close of the evidence and argument."

The court overruled the request for the open and close, and the appellant excepted.

The appellant insists, that upon making the above admission, he was entitled to the open and close of the evidence and argument; that by the admission the appellee's case in chief was made out and the burden shifted to appellant. On the other hand, the appellee insists that the right to the open and close is determined from the pleadings alone; that while the appellant had the right under the statute (Elliott's Supp., section 391) to make any defense, except set-off or counterclaim, with-

out a plea, yet he had the right to file an answer if he so desired.   We think it can not be controverted, that under the above section of the statute, it is not necessary for the administrator of an estate to plead specially any defense except a set-off or. counterclaim.   *Castetter, Admr.*, v. *State, ex rel.*, 112 Ind. 445.

When a general denial is pleaded, all defenses may be proven under the issues thus formed, except a set-off or counterclaim.   *Griffin, Admr.*, v. *Hodshire*, 119 Ind. 235.

It remains, therefore, to be determined, first, whether or not it is necessary for an administrator to file an answer of general denial; and, second, whether, having filed no answer at all, he can, on the trial, waive proof of the claim and thus shift the burden of the issue.

Section 391, *supra*, provides that it shall not be necessary for the administrator to plead any matter by way of defense.   The fair interpretation of this language is that the law puts in a general denial for him, under which he may make all defenses except set-off and counterclaim.

It further provides that ''If the executor or administrator plead any other matter by way of defense, the claimant shall reply thereto.''

The effect of this part of the section is to permit the executor or administrator to admit, if they should see fit, the execution of the instrument which is the basis of the claim, and yet plead specially in avoidance.   If an administrator undertakes to answer the defenses which are admissible under the general denial, pleading matter in avoidance only, he thereby affirmatively waives the right to make the defenses under the general denial which the law otherwise puts in for him; and he is. confined to the defenses so pleaded.

The law does not contemplate that the same issue shall

be formed by more than one answer, hence it would be folly to say that the sustaining of a demurrer to a pleading setting up a defense of which the party has the benefit under the general denial, would be error. In fact, it has been repeatedly held that it is not error to sustain a demurrer to a paragraph of answer setting up a defense which is available under the general denial, also pleaded. *Wabash R. R. Co.* v. *Williamson*, 3 Ind. App. 190; *Sluyter* v. *Union Central Life Ins. Co.*, 3 Ind. App. 312; *Wickwire* v. *Town of Angola*, 4 Ind. App. 253; *Kidwell* v. *Kidwell*, 84 Ind. 224; *Epperson* v. *Hostetter, Admr.*, 95 Ind. 583; *Mason* v. *Mason*, 102 Ind. 38; *Ralston* v. *Moore*, 105 Ind. 243; *Landwerlen* v. *Wheeler, Trustee*, 106 Ind. 523; *Rush* v. *Thompson*, 112 Ind. 158; *Cincinnati, etc., R. W. Co.* v. *Smith*, 127 Ind. 461; *Messick* v. *Midland R. W. Co.*, 128 Ind. 81; *Baltes* v. *Bass Foundry, etc.*, 129 Ind. 185; *Pattison* v. *Babcock*, 130 Ind. 474; *Butler* v. *Thornburg*, 131 Ind. 237; *Palmerton* v. *Hoop*, 131 Ind. 23.

True, in a certain class of cases, namely, in actions to quiet title and in ejectment, all defenses are admissible under the general denial. *Brown* v. *Fodder*, 81 Ind. 491; *West* v. *West*, 89 Ind. 529; *Eve* v. *Louis*, 91 Ind. 457; *East* v. *Peden*, 108 Ind. 92; section 1055, R. S. 1881.

The defendant, in addition to an answer of general denial, may plead his defenses specially. *Over* v. *Shannon*, 75 Ind. 352; *Eve* v. *Louis, supra.*

But it is not error to sustain a demurrer to such special answers, even if they state a good defense, because they are useless, the party having advantage of the same defenses under the general denial. *West* v. *West, supra; Ratliff* v. *Stretch*, 117 Ind. 526.

The rule is different, however, when no general denial

is filed, in which event the sustaining of a demurrer to an answer stating a good defense would be error.

The law puts in the general denial for an estate when a claim is transferred to the issue docket for trial, under which the administrator or executor may prove all defenses except set-off and counterclaim.    But they are not precluded from waiving the benefit of the denial so put in by the law and filing special answers in confession and avoidance only.    By setting up affirmatively the defenses which are admissible under the general denial, without pleading the general denial, they waive the benefit of the answer which otherwise the law assumes to put in for them.

The right to the open and close is usually determined from the issues formed by the pleadings.    When the answers filed all allege affirmative matter, and admit so much of the complaint as relieves the plaintiff from making any proof to entitle him to recover, the burden shifts to the defendant, and he has the open and close, unless the plaintiff, by reply, admits the defense pleaded and avoids it by affirmative matter, when the burden would again shift to the plaintiff to prove the matter in avoidance set up in the reply.    *French* v. *Howard*, 10 Ind. 339.

The party upon whom rests the burden of the issue, is entitled to the open and close.    R. S. 1881, section 533; *Donahoe* v. *Rich*, 2 Ind. App. 540;   *Starnes* v. *Schofield*, 5 Ind. App. 4;   *Kimble, Assignee,* v. *Adair*, 2 Blackf. 320;   *Downey* v. *Day*, 4 Ind. 531;   *Moore* v. *Allen*, 5 Ind. 521;   *Shank* v. *Fleming*, 9 Ind. 189;   *McLees* v. *Felt*, 11 Ind. 218;   *Judah* v. *Trustees of Vincennes University*, 23 Ind. 272; *Goodrich* v. *Friedersdorff*, 27 Ind. 308; *Fetters* v. *Muncie Nat'l Bank,* 34 Ind. 251; *Hamlyn* v. *Nesbit, Admr.*, 37 Ind. 284;   *Camp* v. *Brown*, 48 Ind. 575;   *Indiana State Board of Agriculture* v. *Gray*, 54 Ind. 91;   *Heilman* v.

*Shanklin*, 60 Ind. 424; *Hyatt* v. *Clements*, 65 Ind. 12; *Bannister* v. *Jett*, 83 Ind. 129; *Reynolds* v. *Baldwin*, 93 Ind. 57; *Rahm* v. *Deig*, 121 Ind. 283.

If the appellant had filed an answer in avoidance only, the appellee would not have been required to adduce any evidence to entitle him to recover, and the issue would have shifted, and the burden rested upon the appellant. Not having filed any answer, but resting upon the issues formed by the answer of general denial which the law put in for him, could he afterwards waive the issues thus formed and admit the truth of appellee's complaint and take upon himself the burden of the issue? We can see no reason why he may not do so. When he admits either by his pleadings, or admissions, made before the introduction of evidence by the appellee, that the material allegations of the complaint are true, thus obviating the making of any proof to sustain the complaint, he takes upon himself the burden of the issue, and is entitled to the open and close. *City of Aurora* v. *Cobb*, 21 Ind. 492.

The admission, however, must be sufficient to obviate the introduction of any evidence whatever by the plaintiff. *Starnes* v. *Schofield*, *supra*.

Was the admission by the appellant sufficient? The appellant admitted the execution of the notes sued on, which was sufficient to entitle the appellee to recover the principal and interest due thereon. The notes, however, provided for reasonable attorney's fees, which the claim or complaint stated as $52.20 on the one note and $34.35 on the other, which amounts were admitted to be reasonable.

In the late case of *Lindley* v. *Sullivan*, 133 Ind 588, 32 N. E. Rep. 738, which was an action brought by the appellants against the appellees upon a promissory note, providing for attorney's fees, there was an allegation in

the complaint that the appellees were indebted to the appellants in a certain sum for principal, interest and attorney's fees, the amount demanded exceeding the principal and interest by $53.

To the complaint an answer in two paragraphs was filed, each of which set up special matter in defense. The issues were closed by a reply of general denial. When the case was called for trial the appellants demanded the open and close, but this demand was overruled.

The Supreme Court says: "While good pleading requires that, in an action upon a note providing for attorney's fees, the value of the services should be stated; evidence may be admitted without such averment, and a recovery had for such fee, provided the whole recovery does not exceed the amount for which judgment is demanded in the complaint, the evidence being admissible under the general claim for damages."

The attorney fees to be allowed in the collection of a note in which they are provided for, but not defined, depends upon the services rendered, hence the demand for attorney's fees which would be reasonable, made on filing a claim of a note against an estate, would not be sufficient in the event the claim was not allowed and its collection litigated. The attorney's fees demanded, in a claim of that character, filed against an estate, must be simply for the amount due for services for collecting without litigation.

The statute (section 385, Elliott's Supp.) requires the claim to be verified as to its correctness, and that it is due and wholly unpaid. The statement of the amount due on a note at the time it is filed as a claim against an estate, does not necessarily preclude the party on the trial from proving and recovering the amount actually due, although it exceeds the amount specified in the state-

ment as due.    It follows, therefore, that on the trial of the cause, an admission of the correctness of the amount of attorney's fees at the time the claim was filed is not sufficient to preclude the claimant from making proof of attorney's fees.    *Camp* v. *Brown, supra.*

The appellee was entitled to make proof of the amount of attorney's fees which he should recover in the case, and until the appellant made an admission sufficiently broad to cover such attorney's fees the appellee had a right to make proof thereof.

If the appellant was satisfied with the admission as to the amount of attorney's fees, no additional proof was necessary.    That he was not satisfied with the admission, but sought a larger amount, is shown by the fact that he made proof of the value thereof.    In another particular was the admission insufficient, in this that the admission was not broad enough to relieve the appellee from introducing in evidence the chattel mortgages given to secure said notes. Section 385, *supra*, specially provides that if a claim filed against an estate is secured by a lien on real or personal property, such lien shall be particularly set forth in such statement and a reference given to where the lien, if of record, will be found.    It was also necessary to make proof thereof.

The appellant was not entitled to the open and close under the issues formed by the pleadings, and we think the admissions made were not sufficient to give him that right.

Objections are urged to the ruling of the court in the admission of evidence offered by the appellee in rebuttal.

In this we find no error.    The evidence complained of, which consists of a single question and answer, was not prejudicial to the appellant.    Again, the objections, made at the time, were not sufficiently definite and specific. To object to the introduction of evidence because irrel-

evant, incompetent, and immaterial presents no question for review on appeal, unless the evidence on its face appears to be incompetent. *Ohio, etc., R. W. Co.* v. *Wrape,* 4 Ind. App. 108; *Noftsger* v. *Smith,* 6 Ind. App. 54, 32 N. E. Rep. 1024; *Forbing* v. *Weber,* 99 Ind. 588; *Heap* v. *Parrish,* 104 Ind. 36; *Chapman* v. *Moore,* 107 Ind. 223; *McCullough* v. *Davis,* 108 Ind. 292; *McKinsey* v. *McKee,* 109 Ind. 209; *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196; *Metzger* v. *Franklin Bank,* 119 Ind. 359; *Litten, Admr.,* v. *Wright School Tp.,* 127 Ind. 81; *Swaim* v. *Swaim,* 134 Ind. 596, 33 N. E. Rep. 792.

All objections to the introduction of evidence, to be available on appeal, must be specific. The objections made to the introduction of the evidence complained of were too general.

For the same reason, there was no error in overruling the motion to strike out the evidence of the same party. When a general objection is made to evidence, any part of which is proper, it is not error to overrule the objection. *Pape* v. *Wright,* 116 Ind. 502; *Jones* v. *State,* 118 Ind. 39; *McGuffey* v. *McClain,* 130 Ind. 327.

The reason assigned for a new trial, relative to the admission of the evidence of the witness Paul, is too general under the authority of *Harvey* v. *Huston,* 94 Ind. 527.

The instructions, taken altogether, stated the law correctly. With the instructions, given at the request of the appellant, before them, the jury could not be misled as to the law of the case.

The cause seems to have been tried upon its merits, and that being the case, the judgment will not be reversed, except the appellant show material error which was prejudicial to his rights.

The judgment of the court below is in all things affirmed.

Filed Nov. 1, 1893.

## CONCURRING OPINION.

DAVIS, J.—I am not able to agree with all the reasoning in the opinion of the majority of the court. The burden of the proof, as determined by the issues, should, in my opinion, govern the right to the open and close, and the burden can not be shifted by an admission made after the trial has begun. So far, however, as the offer is concerned, if it was otherwise sufficient, I am of the opinion that when the amount of the attorneys' fees claimed is specifically stated in the complaint, an admission that the same is correct is all that is required.

GAVIN, C. J., concurs in the result in this case and in the statement of law in the opinion of DAVIS, J.

Filed Nov. 1, 1893.