Thornburg, Administrator, *v.* Allman.

Filed June 24, 1893.

———————◆———————

No. 1,063.

## Thornburg, Administrator, *v.* Allman.

Decedent's Estate.—*Claim.*—*Witness.*—*Competency.*—*Adverse Interest.*—*Principal and Surety.*—In an action on a claim against a decedent's estate, wherein the claimant alleged that he, as surety for the decedent, was compelled to pay the amount due on a certain note, the note, which was introduced in evidence, purporting to have been executed as the joint and several obligation of all the makers, *i. e.,* the decedent, the claimant and one A., A. is incompetent as a witness to testify as to the question of principal and suretyship in such transaction, A.'s interest in the controversy being adverse to that of the estate, and the mere fact that A., at the time of the trial, was insolvent, does not strip him of such interest.

From the Marshall Circuit Court.

*J. D. McLaren* and *E. C. Martindale,* for appellant.

*L. M. Lauer,* for appellee.

Lotz, J.—The appellee filed a claim against the estate of appellant's decedent. The claim was rejected and transferred to the issue docket for trial. There was a

trial by jury, a verdict and an allowance in favor of the appellee.

The amended complaint avers, in substance, that on the 9th day of June, 1891, the appellee signed a certain note for one hundred dollars, due in six months from its date, payable to the order of the First National Bank of Marshall County, with eight per cent. interest after maturity and ten per cent. attorney's fees, as the surety of appellant's decedent, Harvey Thornburg; that said note was the last of a number of renewal notes that had been given to said bank, the original of which was executed by one Bernard E. Ryder as principal, and the said Thornburg and plaintiff as the sureties of the said Ryder, the date of said original note being October 23, 1879; that said note was renewed from time to time until the year of 1884 or 1885, when, by the contract of all the makers of said note, the plaintiff became the surety of said decedent only, and continued in that relation on all the subsequent renewals; that suit was instituted on said note against the plaintiff, and he was compelled to and did pay the same, with interest, costs, and attorney's fees.

A copy of the last note is filed with the complaint and made an exhibit. This note was signed by Ryder, Thornburg, and the appellee, Allman, as makers, and was the joint and several note of each.

On the trial of the cause, the appellee gave the note in evidence, and he also called as a witness in his own behalf, the said Ryder. The appellant objected to the competency of the said Ryder as a witness, assigning, among other causes, that he was a party in interest, being one of the makers of the note. This objection was overruled, to which ruling the appellant saved an exception, and properly assigned the same as a cause for a new trial.

The competency of Ryder as a witness for the appellee is the controlling question in this case.

Ryder testified, in brief, that when the first note was made, in 1879, he received the whole of the money; that he was the principal and Thornburg and Allman sureties for him; that this relation continued until the year of 1886. Prior to this time he had placed in the hands of Thornburg collaterals to secure said Thornburg against liability on such indorsement. Thornburg had derived money enough from the collaterals to pay the note, and Ryder wanted it applied in payment. Thornburg, desiring to use the money, made an arrangement with Allman, by which Allman was to become the surety of Thornburg, and it was agreed that the note should be renewed at the bank, by all the parties signing the renewals in the same order as before.

This action is not a suit on the note, but is a suit to recover money paid by a surety for the use and benefit of his principal. It was not necessary to make the note or a copy thereof an exhibit to the complaint. It was necessary, however, for the plaintiff to aver that he had paid money for the benefit and use of the decedent, or of his estate, in discharge of a duty or obligation resting upon him. It was also necessary to aver what that obligation was. The complaint contains several unnecessary averments, but it sufficiently appears that the plaintiff paid the money as the surety of the decedent. To prove merely that the appellee paid the money would not establish his right to recover. He must prove that he paid the money for the benefit of the decedent or the estate. Suretyship became an important element in establishing his right to recover. A contract of suretyship is collateral to, and predicated upon, a primary obligation. In order to establish suretyship, it is first essential to prove the existence of the primary contract. The note

or written instrument was the best evidence of this contract.

The appellee, in support of his claim, gave in evidence the original note. This note, upon its face, purported to be the joint and several obligation of all the makers. The relation of the makers toward each other must be shown in order to establish suretyship. This may be done by parol if the witnesses are competent. The witness Ryder was interested in the question of suretyship. If the decedent was the principal in the note, then his estate was liable for the whole debt. If the decedent was a cosurety with the appellee, then his estate was liable to the appellee for only one-half of the debt. The principal subject of controversy in this action was the question of suretyship, and upon its solution depended the respective rights of Ryder, Allman, and the estate of the decedent. Ryder's interest in this controversy was adverse to that of the estate.

By section 498, R. S. 1881, it is enacted that "In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, sh'all not be a competent witness as to such matters against such estate."

The purpose of this statute is to prevent undue advantage from being taken of the estates of deceased persons. The policy of the law is to place the estate and the person asserting a claim against it upon the same footing. Death having sealed the lips of one party to a transaction, the law closes the lips of the other.

This statute has received a liberal construction in order to effectuate the legislative purpose.

Thornburg, Administrator, *v.* Allman.

"In determining the competency of a witness, the accepted rule is not to regard the mere letter of the statute, but to look to its spirit and purpose." *Durham* v. *Shannon*, 116 Ind. 403; *Clift, Admr.*, v. *Shockley*, 77 Ind. 297; *Wiseman* v. *Wiseman*, 73 Ind. 112; *Ketcham, Admx.*, v. *Hill*, 42 Ind. 64; *Peacock* v. *Albin*, 39 Ind. 25.

This policy of liberal construction has received the sanction of legislation. By section 19, Elliott's Supp. it is enacted that "In all cases in which executors, administrators, heirs, or devisees are parties, and one of the parties to the suit shall be incompetent, as hereinbefore provided, to testify against them, then the assignor or grantor of a party making such assignment or grant voluntarily shall be deemed a party adverse to the executor or administrator, heir, or devisee, as the case may be."

Ryder's competency did not depend upon his being a party to the issue or record, but upon his interest in the controversy. We think he came within the spirit if not the letter of the statutes. By such interest is meant such an interest as may affect him pecuniarily. The mere fact that he may have been insolvent at the time of the trial, does not strip him of his interest. An insolvent may become solvent.

We think it was manifestly unfair to the estate to permit Ryder to give his version of a transaction which relieved him of any responsibility and placed it upon the estate of the deceased. If this practice can be upheld, it is readily conceivable how great frauds might be perpetrated upon the estates of deceased persons. One of the makers of a note might pay it, and, by collusion with his surviving comaker, charge the decedent with being the principal, and use the other survivor to prove the relationship.

To hold that Ryder was a competent witness would be

to make plain a way for avoiding the statutes and defrauding estates.

Judgment reversed, at costs of appellee, with instructions to sustain the motion for a new trial.

Filed Jan. 2, 1894.