;Filed June 21, 1894.

---

No. 1,280.

## HANKEY v. DOWNEY.

EVIDENCE.—*Death of Agent and Witness of Defendant Does Not Disqualify Plaintiff as to Transactions Between Them.*—The fact that an agent of defendant, with whom plaintiff had made oral contracts concerning the matter in controversy, is dead, and his deposition not having been taken, is not sufficient to disqualify the plaintiff from testifying concerning such contracts, and does not come within the rules laid down in sections 506 and 507, R. S. 1894.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for appellant.

*J. O'Brien* and *C. C. Shirley,* for appellee.

Ross, J.—This is the third appeal of this cause, each taken by the appellant, who was the plaintiff below.

*Hankey* v. *Downey*, 116 Ind. 118; *Hankey* v. *Downey*, 3 Ind. App. 325.

The action is to recover on two promissory notes governed by the law merchant. Under the issues joined, the execution of the notes was admitted, and the opening and close awarded the defendant (appellee).

The only one of the errors assigned, which has been argued and upon which appellant relies for a reversal of the judgment of the court below, relates to the ruling on the motion for a new trial, and the only cause in the motion urged is on account of the admission of certain evidence on the trial over the objection of appellant.

The notes sued on were given by the appellee in payment for a machine sold to him by one John F. Seiberling, who afterwards assigned them to the appellant.

If we understand correctly, the insistence of appellant is that the court erred in permitting the appellee to testify as to oral contracts made by him with one David H. Kaufman, the agent of Seiberling, concerning the machine sold and affecting the notes in controversy, for the reason that Kaufman was dead and his deposition had never been taken.

In support of this contention our attention has been called to section 506, R. S. 1894.

This section reads as follows: "In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate: *Provided, however*, That in cases where a deposition of such decedent has been taken, or he has previously testified as to the

matter, and his testimony or deposition can be used as evidence for such executor or administrator, such adverse party shall be a competent witness for himself, but only as to any matters embraced in such deposition or testimony.''

This court, in the case of *Thornburg, Admr.*, v. *Allman*, 8 Ind. App. 531, says: ''The purpose of this statute is to prevent undue advantage from being taken of the estates of deceased persons. The policy of the law is to place the estate and the person asserting a claim against it upon the same footing. Death having sealed the lips of one party to a transaction, the law closes the lips of the other.''

The true spirit of this statute, as we gather the intent of the Legislature, is that it shall apply only in suits or proceedings, in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, and when a judgment or allowance might be made or rendered for or against the estate represented by such executor or administrator.

We must look further, therefore, to find a provision making the evidence complained of incompetent.

Counsel in argument say: ''This case does not come within the letter of any section of the statute disqualifying witnesses. But it is clearly within the spirit of section 507.''

In this contention we can not concur. Under this section, in order to disqualify the party from testifying as a witness, it is necessary that the action be by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of or in right of such ancestor, or to affect the same in some manner.

This is not an action by or against the heirs or devisees of David H. Kaufman, neither is it founded on a

contract with or demand against him, nor to obtain title to or possession of property, real or personal, nor does it affect any right of his therein.

While it may be a misfortune to appellant that a witness who was conversant with facts necessary to their, right of recovery was dead, that fact alone is not sufficient to disqualify a party to the action from testifying concerning the same facts. The statutes cited and relied upon do not disqualify him, and we can not give them a constrained construction, even though a hardship is apparently suffered by appellant.

There was no error committed by the admission of the evidence complained of.

Judgment affirmed.

Filed Sept. 27, 1894.