Leach *v.* Dickerson, Administrator.

Filed February 12, 1896.

No. 1,724.

## LEACH *v.* DICKERSON, ADMINISTRATOR.

EVIDENCE.—*Statement Made to One in Presence of Another.—When Not Admissible.*—A statement made to one person in the presence of another is not admissible in evidence against the latter unless it was made within his hearing.

SAME.—*Sustaining Objection to.—Appellate Procedure.*—The sustaining of an objection to evidence will not be held erroneous on appeal if there is any valid ground of objection, although the one given was not a valid one.

WITNESS.—*Surviving Partner.—Decedent's Estate.*—An alleged surviving partner is not a competent witness in an action against the estate of an alleged silent partner to recover for goods sold and delivered, to prove the partnership, its duration or time of dissolution, or fix upon the deceased any liability for the goods purchased, but is competent to testify to the purchase of the goods, and that the purchase price is unpaid.

From the Sullivan Circuit Court.

*A. D. Leach* and *J. S. Bays*, for appellant.

*W. S. Maple, I. H. Kalley* and *J. T. Hays*, for appellee.

GAVIN, C. J.—Appellant filed a claim against the estate of the decedent Eslinger, asking to recover for goods sold and delivered to a partnership, of which he

was a silent member, his brother, Levi Eslinger being the other partner.    It was averred that Levi was notoriously insolvent.    The claim was not tested by demurrer, nor has its sufficiency been questioned here.    The causes for reversal arise upon the rejection of evidence, and are presented by the motion for new trial.

Appellant sought to prove as an implied admission, statements made to a third party by Levi Eslinger in the deceased's presence.

It did not appear, however, that such statements were made within the hearing of the deceased.    In order that one may be regarded as admitting or acquiescing by his silence in statements thus made, they must appear to have been such, and made under circumstances, such as called for a response from him, and they must have been made within his hearing.    *Springer* v. *Byram*, 137 Ind. 15 (23 L. R. A. 244); *Pierce* v. *Goldsberry*, 35 Ind. 317; *Cabiness* v. *Holland*, Tex. Cir. App., 30 S. W. Rep. 63; *Pierce, Admr.*, v. *Pierce* (Vt.), 29 At. Rep. 364.

Where an objection is overruled no other objections will be considered on appeal, save such as were presented to the trial court.    *State Nat'l Bank* v. *Bennett*, 8 Ind. App. 679; *Swaim* v. *Swaim*, 134 Ind. 596.

A different rule, however, prevails where the objection is sustained, and effect will be given to any valid ground of objection, because if the evidence was not in fact admissible, the correct result was attained.    *Storms* v. *Lemon*, 7 Ind. App. 435; *Baldwin* v. *Threlkeld*, 8 Ind. App. 312.

The case attempted to be made under the evidence was that the decedent was a silent partner of his brother who managed the business and purchased the goods.

The court refused to permit appellant to examine Levi Eslinger, the brother and alleged partner of the deceased

upon the ground that he was in interest adverse to the estate represented by the appellee.

So far as the appellant proposed to prove by this witness that the deceased was his partner, and the duration and time of dissolution of such partnership to fix upon the deceased a liability for the goods purchased, the ruling of the trial court was right.

If the purchase was the individual act of the witness, and there was then no partnership, he was personally liable for the entire debt. If, on the other hand, the deceased was then a partner, a portion of the burden would be imposed upon him, and thus practically transferred from the shoulders of the witness; that the witness was as to all matters relating to the existence of partnership, adverse in interest to the estate, is, in our opinion, quite clear. *Giesecke Boot, etc., Co.* v. *Seevers*, 85 Iowa 685; *Hurlbut* v. *Meeker*, 104 Ill. 541; *Hogeboom* v. *Gibbs*, 88 Pa. St. 235; *Cooper* v. *Wood*, 1 Colo. App. 103; *Hunter* v. *Herrick*, 26 Hun, 272.

It is true the statute in terms disqualifies only those who are "necessary parties to the issue or record, whose interest is adverse to such estate," section 506, R. S. 1894 (section 498, R. S. 1881), but in determining the competency of a witness, the accepted rule is not to regard the mere letter of the statute, but to look to its spirit and purpose. *Thornburg, Admr.* v. *Allman*, 8 Ind. App. 531; *Durham* v. *Shannon*, 116 Ind. 403; *Clift, Admr.*, v. *Shockley*, 77 Ind. 297; *Hudson* v. *Houser, Admr.*, 123 Ind. 309.

It is not, therefore, absolutely essential to the disqualification of the witness that he be a party to the action.

Under these authorities, and especially under the reasoning and result reached in *Thornburg, Admr.*, v. *Allman*, we must adjudge that the witness was not com-

petent to testify to any matters relating to the existence or dissolution of the partnership.

Appellant further offered to prove by the same witness the purchase of the goods, and that the purchase price was unpaid. Counsel for appellee insist that the disqualification of the witness is general, and covers all transactions occurring before the death of the deceased. With this view we are not able to concur. The incompetency of the witness is not by reason of the express letter of the statute, but it arises from the efforts of the courts to administer the law with due regard to the rights of estates. In giving effect to the spirit of the law the incompetency is created. We can see no good reason, therefore, why the incompetency should be extended any further than is requisite to give force and effect to the real spirit and purpose of the statute which is to protect estates from unjust claims proven by the evidence of those who are testifying in their own interest.

The latter evidence offered was directly antagonistic to the interest of the witness; there was in it nothing whatever which could inure to his advantage.

As far back as 1817, it was said by Gibson, J., that a partner, although incompetent to testify against his co-partner as to the partnership, might be called upon to testify as to other matters. *Purviance* v. *Dryden*, 3 Serg. & R. 402. To the same effect are *Bellas* v. *Fagely*, 19 Pa. St. 273; *Hogeboom* v. *Gibbs, supra*, 2 Bates on Part'ship., section 1169.

In *Lamb* v. *Lamb*, 105 Ind. 456, the Supreme Court clearly recognizes that under this statute a witness may be competent as to some and incompetent as to other matters occurring prior to the death of the decedent. The purpose of the statute as there declared is "to prevent undue advantage as against those whose interests

would be unjustly prejudiced by permitting parties to testify as to matters which they assume were known only to them and deceased, or as to matters which from their nature could only have been known to them and the dead. It was not intended to exclude parties from testifying in cases where the subject is one of which the knowledge that the parties profess to have is not hidden from all other living persons."

Thus both principle and the adjudicated cases authorize us to hold that a disqualification created by construction to fulfill the spirit of the law shall extend no further than is requisite to effectuate that purpose.

There is not such a case made by the evidence as would justify us in disregarding the error. Whether the jury based the verdict upon a failure to prove the partnership or the sale we cannot know.

Judgment reversed, with instructions to grant a new trial.

Filed February 14, 1896.