## GARNER *v.* MORGAN ET AL.

[No. 14,481.   Filed January 26, 1933.   Rehearing denied June 9, 1933.   Transfer denied April 18, 1934.]

462

*Jackiel W. Joseph, Linn H. Day,* and *Theodore R. Dann,* for appellant.

*Robert R. Dalton* and *William E. Reiley,* for appellee.

DUDINE, J.—The appellee, as administratrix of her husband's estate, filed suit against the appellant for damages for negligently running into and upon decedent with an automobile, causing his death. The issues were joined by a complaint and answer in general denial. The cause was tried by a jury and resulted in a general verdict in favor of the plaintiff against Stanley Garner in the sum of $2,500. Appellant filed his motion for a new trial which questioned the giving of certain instructions to the jury, and the admission of certain evidence over appellant's objections, which motion was overruled by the court, giving the appellant an exception. Judgment was rendered on the verdict and this appeal was perfected, the only error assigned being that the court erred in overruling appellant's motion for a new trial.

Appellant contends that instruction No. 5 given by the court on its own motion is "hypothetically mandatory in substance and leaves out the element of cause entirely," and is therefore erroneous.

Instruction No. 5 is as follows: "The complaint is in one paragraph, but alleges more than one act of negligence on the part of the defendant and the plaintiff

would only be required to prove one act of negligence by a fair preponderance of evidence, before she would be entitled to recover, provided, however, that she has proven all the other material allegations in her complaint and provided further that the plaintiff's decedent was free from fault and negligence on his own part proximately contributing to his injuries subsequently resulting in his death, if you find that he was injured and that said injuries subsequently caused his death."

It is true that "where the court directs a particular verdict, if the jury should find from the evidence certain facts to exist, the instruction must embrace all the facts and conditions essential to such verdict." *Amer. Sheet and Tin Plate Co.* v. *Bucy* (1908), 43 Ind. App. 501, 87 N. E. 1051, (cited in *Neeley* v. *Louisville Traction Co.* (1913), 53 Ind. App. 659, 102 N. E. 455.) We hold, however, that the instruction complained of did "embrace" all facts and conditions essential to the verdict in this case. This instruction required a finding of one act of negligence and "all the other material allegations" in the complaint. It purports *not* to state all the facts essential to a verdict. It demands that other instructions should be considered in connection with it.

Instruction No. 6 given by the court was ". . . (it) is not sufficient to establish a liability on the part of anyone, but it must go further . . . it must be shown that the injury was caused by an act of negligence on the part of the defendant." The entire law applicable to any particular question need not be stated in a single instruction. Propositions of law, applicable to different questions, and stated in separate instructions, may be considered together, if they present the law fairly. *Amer. Sheet and Tin Plate Co.* v. *Bucy, supra.* Therefore we hold that the lower court committed no revers-

ible error in giving instruction No. 5, but stated the law correctly in instructions No. 5 and 6. Appellant has cited several cases in support of his contention, but the instructions attacked in each of said cases purported to set out *all* facts essential to a verdict, and hence are not applicable here.

Appellant contends that instruction No. 6 is erroneous for the reason that it does not limit the liability of defendant for negligence to the acts of negligence charged in the complaint. This contention is overcome by consideration of the fact that the proposition of law stated in instruction No. 6 is limited by the proposition of law stated in instruction No. 4, which provided that the burden was upon the plaintiff to prove "material allegations in her complaint." For reasons given in this opinion as to instruction No. 5, we hold that instruction No. 6 was not erroneous.

Appellant contends that instruction No. 11 was erroneous because it instructed the jury on matters not in issue in the case. This instruction was, "A pedestrian crossing the street has a right to assume that a motor vehicle will not approach either on the wrong side of the street or at an excessive rate of speed, having regard to the width of the highway, the density of traffic, the condition of the weather and use of the highway, and that the driver or operator thereof will not endanger him without warning, providing the pedestrian is in the exercise of ordinary care under all circumstances." The complaint reads in part as follows: "As he (decedent) started across said street, he saw a car owned, operated, and maintained by the defendants suddenly approach from the east going west, and attempted to hurry across said street, but that said automobile so owned, operated, and maintained by the defendant as aforesaid, turned into the left side of said street and struck said Fred Morgan and dragged him

for a distance of ninety feet, . . ." Defendant introduced evidence tending to show that he had sounded his horn immediately before the accident. We hold that this instruction was authorized by said allegations in the complaint, and by the evidence introduced by the defendant. It was properly limited to the issues presented by the pleadings and the evidence in the case.

Evidence was introduced as to conversations had by disinterested parties shortly after the accident, in which conversation the defendant was charged with being drunk, driving on the left side of the street to kill a man, and similar offenses. The evidence was conflicting as to whether or not the defendant heard some of the conversation, or was present when it occurred, or whether he made replies. Appellant contends the lower court erred in admitting this evidence over defendant's objection. We have examined the record in this case, and find that in each instance complained of by appellant he objected to such evidence because it was "not proper" or "unfair," or for some equally general reason. These objections are too general and indefinite. They did not enlighten the trial court as to the alleged error which the objector intended to present to the court. "This, objections to the evidence must do." *Swaim* v. *Swaim* (1893), 134 Ind. 596, 33 N. E. 792; *McCloskey, Admr.* v. *Davis, Admr.* (1893), 8 Ind. App. 190, 35 N. E. 187; *Chi., St. Louis and Pitts. R. R. Co.* v. *Champion* (1893), 9 Ind. App. 510, 36 N. E. 221, 37 N. E. 21; *Leach* v. *Dickerson, Admr.* (1895), 14 Ind. App. 375, 42 N. E. 1031; *Phoenix Ins. Co.* v. *Jacobs* (1899), 23 Ind. App. 509, 55 N. E. 778. Hence we hold there was no error committed in admitting such testimony over such objections. There is substantial evidence in the case tending to show that the statements complained of were part of a general conversation in which the appellant joined. This

being true it was properly admitted, regardless of the fact whether the author of each statement was identified.

Appellant's contentions Nos. 8, 9, 10, 11 about these statements, are based on the supposition that the statements were received in evidence as res gestae. The record does not affirmatively show on what theory the statements were offered, and this court is not called upon to determine whether or not the statements are admissible as res gestae.

We are called upon to determine whether the evidence was admissible on any theory, and as stated above we hold that the evidence complained of was admissible.

Appellant's point No. 11 is a "catch all" proposition which does not present any question which is not answered in this opinion.

Judgment affirmed.