WARREN, WALLACE & COMPANY, plaintiffs in error, *vs.* JAMES W. MOORE *et al.*, defendants in error.

WARREN, WALLACE & COMPANY, plaintiffs in error, *vs.* HENRY H. CULVER, defendant in error.

In cases of garnishment, the sayings and letters of the principal debtor, made or written after the service of the summons, are not competent evidence against the plaintiff, to show a want of title in the debtor to the property or effects in the hands of the garnishee.

Garnishment. Evidence. Before Judge POTTLE. Hancock Superior Court. April Term, 1874.

These two cases were argued and determined together by the court below, without the intervention of a jury. The evi-

dence submitted was voluminous, but the following brief report is sufficient for an understanding of the decision :

Suits were instituted against one Drafton S. Haynes, in Bartow superior court, at the instance of James W. Moore *et al.*, and of Henry H. Culver. Processes of garnishment were served upon Thomas M. Turner, returnable to Hancock superior court. The garnishee answered, setting forth certain transactions between him and the defendant, and submitting the question of his indebtedness to the court. The facts presented by the testimony were substantially as follows: Turner sold to Haynes a tract of land in Hancock county, embracing about seven hundred and twenty-five acres, giving to him a bond for titles. With the consent of Haynes, he subsequently sold a portion of this tract to Culver, crediting the former with the amount received therefor. This left Haynes, on January 1st, 1873, indebted to him in the sum of $1,225 45. To secure this amount, he still held the title to the balance of the land, about three hundred and thirty acres, worth $8 00 per acre. Haynes was also indebted to Warren, Wallace & Company, who, in February, 1873, presented to Turner a blank draft from him, with a letter instructing Turner to fill the blank. He stated to Warren, Wallace & Company that he had no funds belonging to the drawer, but that he was endeavoring to sell a tract of land in which Haynes was interested, and if he was successful in obtaining the price he asked for it, it would more than pay him (Turner) the amount he claimed, and he would account to them for the balance. Warren, Wallace & Company agreed to take the land at the price asked, and to pay Turner the amount claimed by him. Turner declined to consummate the trade until the consent of Haynes was obtained. He wrote immediately to him but never received any reply. After this verbal agreement, subject to the consent of Haynes, was entered into, the processes of garnishment were served. Warren, Wallace & Company claimed the land as theirs, insisting that Haynes had consented, and were, on motion, made parties to the litigation. The plaintiffs insisted that Haynes had not consented, and that Turner still

held the land subject to his debts.  Thus the issue was formed. The court refused to consider any of the sayings or letters of Haynes, after the date of the service of the garnishment proceedings.

The court ordered that the land be sold, and from the proceeds thereof the amount due Turner be first paid ; that the executions in favor of the plaintiffs be next satisfied, and that if any balance remained, it should be held up subject to the further order of the court.

To this judgment Warren, Wallace & Company excepted.

GEORGE F. PIERCE, Jr., for plaintiffs in error.

C. W. DuBOSE, by brief, for defendants.

TRIPPE, Judge.

The view we have taken of this case narrows the question to the point whether the sayings or letters of the principal debtor made or written after service of garnishment, are competent evidence against the plaintiff, to show want of title in the debtor to the property or effects in the hands of the garnishee.  We do not think they are.  The rule in all analogous cases strongly so indicates.  The *sayings* of a defendant in execution, made after a levy, would not be competent to prove title in a claimant.  Formerly, indeed, such defendant was not a competent witness, either for the plaintiff in execution or the claimant.  Now, when not only he, but the principal debtor in a case of garnishment, is a competent witness, the reason for the rejection of their sayings or their letters made or written *post litem*, is strengthened.  A different rule would allow any debtor, after vigilant creditors had moved by garnishment, to prefer any of them, by mere declarations, unsanctioned by any oath.  The evidence in this case, that Haynes (the debtor) had consented to an arrangement, whereby the plaintiffs in error were to have the proceeds of certain property, showed that that consent was after the garnishment was served.  This appears by the testimony

of Simmons, and the letters of Haynes, which were written nearly a year after garnishments were sued out.

The Judge, to whom the whole case, law and facts, were referred, decided that under the evidence there was no contract proved between plaintiffs in error and Haynes, or between plaintiffs in error and Turner, and approved by Haynes, which gave a right to them (plaintiffs) to claim that an actual transfer of Haynes' claims on Turner for the land or the surplus proceeds thereof in excess of Haynes' liability to Turner, had ever been made to them. We cannot say that he decided erroneously under the evidence. What Haynes said to Simmons in 1874, or wrote to Warren, Wallace & Company, or Pournell, about a year after garnishment was sued out, and litigation had arisen, does not affect the matter. Defendants in error objected to this testimony, and it went in subject to all legal exceptions; and as the judge, in pronouncing his decision, said he only considered legal testimony, he doubtless held, and properly, that these sayings and letters did not legally prove the transfer.

The judgment is affirmed in both cases.