JANE R. BARKER *vs.* JOHN W. OSBORNE, and W. G. OSBORNE, TRUSTEE.

Cumberland. Opinion February 24, 1880.

*Trustee.   Prior creditors.   Disclosure — requires detailed and particular statements.*

When property has been conveyed by the principal defendant to the alleged trustee, and not purchased by the trustee, any balance of the same, in the hands of the trustee, over and above the amount the defendant owed him, would be held by him without consideration, and would be attachable by prior creditors.

Where, by the disclosure of an alleged trustee, it appears, that at one time prior to the service of the writ upon him, he held funds of the principal defendant, which would be attachable in that suit, the burden is upon the trustee to show, that, prior to the service, he had expended such funds for the defendant's benefit, and this cannot be done by doubtful, indefinite and sweeping statements, with an omission of details and particulars.

ON EXCEPTIONS.

The facts appear in the opinion.

*Webb & Haskell,* for the plaintiff, cited : R. S., c. 86, § § 79, 4, 63 ; *Kelley* v. *Weymouth,* 68 Maine, 198 ; *Moore* v. *Towle,* 38 Maine, 133 ; *Page* v. *Smith,* 25 Maine, 264 ; *Thompson* v. *Pennell,* 67 Maine, 161.

*W. H. Vinton,* for the defendant.

This is a question on the disclosure of the trustee, upon which no question of law has arisen. It is not properly before the law court.

R. S., c. 86, § 29. The disclosure is to be taken as true until the contrary is proved. No allegations nor proof to the contrary is in the case.

The disclosure shows that the defendant sold and transferred to this trustee, the note and mortgage named, and it became absolutely the property of the trustee, for better or for worse.

Were it otherwise, the trustee has helped the defendant since, to more than the amount of any interest he had in the note.

PETERS, J. The judge at *nisi prius* ruled, as a matter of law, that the trustee should be discharged. That, upon exceptions, brings the whole record before this court.

From the disclosure, it appears that in May, 1876, a $12,000 mortgage, running to Bion Bradbury in trust for the defendant, was assigned to this trustee to hold as Bradbury had held it. If the matter stood in that condition now, this trustee attachment would not hold. In such case the remedy would be, either to put the defendant upon a poor debtor's disclosure, or to proceed by a bill in equity for the collection of the debt. See c. 101, laws of 1876.

But that relation of parties has been changed. On September 13, 1876, the defendant released to the trustee all his interest in the mortgage. By this transaction the trustee obtained a property worth, presumably $12,000, and the defendant at that time was owing this trustee not much more than half that amount. The trustee would like to consider the transaction, as part of the note being a payment to him and the other part a gift. But his disclosure is replete with statement that satisfies us that the sale of the note to the trustee was in fact for the purpose, not only of paying the trustee his debt, but to deposit and have in the trustee's hands means for the defendant's future support. We are to decide the question upon the facts disclosed, and not upon the unwarrantable inferences that are by the trustee based upon those facts. The arrangement, as we feel forced to construe it, would be a valid and even commendable affair perhaps, as between the parties themselves, and would be otherwise as to existing creditors. It seems the debtor had no property other than the note, and that he is considerably indebted to different parties. The plaintiff's claim antedates the transactions of 1876.

The trustee over and over again asserts that he is the absolute owner of the note, and he cannot very well go back upon this declaration. His counsel claims it to be so. Our conclusion is that the purchase should stand and enure to the trustee's benefit, excepting, so far as the law requires a modification of its terms, in order to preserve the rights of prior creditors. Any balance in the trustee's hands which he had over and above the amount the defendant owed him, would be held by him without consideration, attachable by prior creditors. To this point the authorities are clear. *Fales* v. *Reynolds*, 14 Maine, 89 ; *Fletcher* v. *Clarke*, 29 Maine, 485 ; *Brunswick Bank* v. *Sewall*, 34 Maine, 202 ;

*Hapgood* v. *Fisher*, *Ibid.* 407 ; *Thompson* v *Pennell*, 67 Maine, 159 ; *Whitney* v. *Kelley*, *Ibid.* 377.

In September, 1876, there were about five thousand dollars in the trustee's hands, exceeding all sums then due to him. On December 4, 1878, this process was served, being a suit to recover a note of $1000 and some interest accrued thereon. The trustee, since September, 1876, has paid out no money to the defendant's creditors, but has supported him during the time. The trustee gives no items of expenses and advances since September, 1876, though asked to do so. Doubtful, indefinite and sweeping statements do not satisfactorily supply the omission of details and particulars. The burden is upon the trustee to show, in order to relieve himself from liability, that within a period of about twenty-six months, the sum of five thousand dollars has been absorbed for the defendant's benefit. Reckoning upon the most liberal basis in favor of the trustee, there must have been in his hands, at the date of attachment, more than the amount sued for in the pending suit.

> *Exceptions sustained. Trustee charged for an amount that will be equivalent to that of the judgment, to be recovered by plaintiff for debt and costs, and officer's fees on the execution.*

APPLETON, C. J., WALTON, LIBBEY and SYMONDS, JJ., concurred.