Argued November 18; decided December 23, 1895.

WILLIS v. HOLMES.

[42 Pac. 989.]

28   265
s28  581

1. JUDGMENT ON THE PLEADINGS — PRACTICE — VERDICT.— A judgment will not be rendered on the pleadings where they present an issue of fact, although the party upon whom the burden of proof rests refuses to introduce any evidence; the remedy in such a case is to move the court to direct a verdict.

2. PAYMENT AS A DEFENSE — BURDEN OF PROOF — GARNISHEE.— The burden of proving payment is always on the party pleading that defense, and this is the rule applicable to proceedings against a garnishee who admits an indebtedness to the defendant a short time before the service of the garnishment, but claims to have paid the debt before receiving the writ.

3. EVIDENCE — DECLARATIONS OF DEBTOR.— Payment by a garnishee of his debt to defendant cannot be proven against plaintiff by statements of defendant made after service of the garnishment.

28 OR.—19.

APPEAL from Douglas: J. C. FULLERTON, Judge.

This is a garnishment proceeding by P. L. Willis against M. B. Holmes and G. A. Smith, garnishee. On or prior to September sixth, eighteen hundred and ninety-three, the plaintiff commenced an action against Holmes to recover money, and caused a writ of attachment to be issued and served upon Smith, with notice that all money due from him to Holmes was thereby garnished. Subsequently, and on December third, eighteen hundred and ninety-three, he recovered a judgment against Holmes for the sum of one thousand two hundred and seventy dollars and thirty cents, and forty-nine dollars and eighty cents costs and disbursements. Smith's answer to the garnishment being unsatisfactory to plaintiff, he thereupon filed and served upon him written allegations in the nature of a complaint and interrogatories, wherein it is alleged: "That on the sixth day of September, eighteen hundred and ninety-three, the date of the service of the attachment on said garnishee, George A. Smith, he was justly indebted to the defendant M. B. Holmes in the sum of six thousand five hundred dollars—one thousand six hundred dollars for land sold and conveyed by the defendant to said garnishee, and four thousand nine hundred dollars for promissory notes payable to said M. B. Holmes, and by him sold and conveyed to the said George A. Smith garnishee." The garnishee answered, denying that at the date of the service of the garnishment he was indebted to Holmes in the sum of one thousand six hundred dollars or any other sum for land sold and conveyed, or four thousand nine hundred dollars or any other sum for promissory notes sold to him by Holmes, or that he was justly or at all indebted to Holmes in the

sum of six thousand five hundred dollars, or any other sum of money whatever. For a further and separate defense he alleged that, on August fifteenth, eighteen hundred and ninety-three, he purchased from Holmes three promissory notes of the face value in the aggregate of four thousand two hundred and fifteen dollars and fifty cents, and on August eighteenth, eighteen hundred and ninety-three, one promissory note of the face value of five hundred dollars—which notes are each particularly described in the answer—and that on the last mentioned day he purchased of Holmes two tracts of land at the aggregate price and value of one thousand six hundred dollars; that the promissory notes and land were sold to him by Holmes at the agreed price of five thousand five hundred dollars; that such purchase price was wholly paid by him on the said eighteenth day of August, eighteen hundred and ninety-three, and prior to the service of garnishment, and that such sales and purchases are the identical transactions referred to and set out in the plaintiff's allegation or complaint. To this a reply was filed denying the payment as alleged in the answer, and admitting all the other allegations. Upon the issues thus joined a trial was had before a jury, which resulted in a verdict in favor of the garnishee, and from the judgment which followed the plaintiff appeals.

REVERSED.

For appellant there was a brief by *Messrs. William R. Willis, A. M. Crawford,* and *Guy G. Willis,* with an oral argument by *Mr. William R. Willis.*

For respondent there was a brief and an oral argument by *Mr. J. W. Hamilton.*

Opinion by MR. CHIEF JUSTICE BEAN.

1. The record discloses that after the jury had been impanelled and the case stated by counsel, the plaintiff claimed that, as the only issue in the case was one of payment, the burden of proof was on the garnishee, and that he should, therefore, submit his evidence first, which he declined and refused to do, whereupon the plaintiff moved for judgment on the pleadings, which was denied, and such ruling is assigned as error. The motion, under the circumstances, was properly overruled. There was an issue of fact presented by the pleadings for determination, and, while it remained undisposed of, no judgment could have been entered on such motion. If, as the case then stood, and the plaintiff now contends, he was entitled to a verdict, he should have moved the court to direct the jury to return a verdict in his favor, and not for a judgment on the pleadings.

2. As the court instructed the jury that the burden of proof was on the plaintiff to show that the garnishee had not, prior to the service of the garnishment, paid for the property purchased from Holmes, it is proper to consider that question here. The allegations of the parties take the place and perform the office of pleadings in an ordinary action at law, (*Smith* v. *Conrad*, 23 Or. 206, 31 Pac. 398,) and, as we understand them, present but one issue of fact, and that is whether the garnishee had, prior to the garnishment, paid Holmes for the property which he admits to have purchased. The answer of the garnishee not only admits all the allegations of the complaint, except the indebtedness, but affirmatively alleges that a short time before the service of garnishment he purchased of the defendant in the action the lands and notes mentioned in the complaint, at the agreed and

stipulated price of five' thousand five hundred dollars, but alleges that he had wholly paid for the same prior to such time. The reply denied the allegation of payment, and thus raised the only issue of fact in the case. Upon this issue the burden of proof was clearly with the garnishee. The rule is well settled that when a defendant admits a cause of action set out in the complaint, and relies upon the defense of payment, the burden of proof is upon him to establish that fact: 2 Greenleaf on Evidence, § 516; *Curtis* v. *Perry,* 33 Neb. 519 (50 N. W. 426); *Wolffe* v. *Nall,* 62 Ala. 24; *Conselyea* v. *Swift,* 103 N. Y. 604 (9 N. E. 489); *Bradley* v. *Harwi,* 43 Kan. 314 (23 Pac. 566). And this is the rule applicable to the proceedings against a garnishee who by his answer admits that he was indebted to the defendant a short time before the service of process of garnishment upon him, but claims that the debt was paid and discharged before that time. As is said in Waples on Attachments, (p. 377,) "The *onus* is upon him (the garnishee) when the plaintiff has taken issue upon the answer, after the admission that he held such funds at a period immediately, or within a few weeks or even months, preceding the service of the writ." See also Drake on Attachments, § 674; *Barher* v. *Osborne,* 71 Me. 69. It was contended at the argument that, under the form of the allegations in this proceeding, the defense of payment could have been proven under a general denial, but this contention raises a question of pleadings not necessary to be considered at this time, for, even if the fact of payment could be shown under the general issue, it would not change the rule as to the burden of proof. Mr. Greenleaf says, in the section cited, that in some instances the defense of payment may be made under the general issue, and in others it must be specially pleaded, but,

"in either case, the burden of proof is on the defendant, who must prove the payment of money, or something accepted in its stead, made to the plaintiff or to some person authorized in his behalf to receive it." We think, therefore, that the court below erred in holding that the burden of proof was on the plaintiff, and in so instructing the jury.

3. The objection to the testimony of the witnesses Walcott, Bryant, and Hume should have been sustained. That of the two former was to the effect that in November, eighteen hundred and ninety-three, Holmes, the judgment debtor and defendant in the action, stated to them that the garnishee had paid him for the notes and land mentioned in the pleadings. This statement was made after the service of the garnishment, and was, therefore, incompetent evidence against the plaintiff to show the fact of payment: Drake on Attachments, § 655; *Warren* v. *Moore,* 52 Ga. 562. The testimony of Hume, if otherwise competent, was too remote and uncertain to afford any legitimate inference that the garnishee had on hand at the date of the payment alleged in the answer the money with which to make such payment. The judgment of the court below is reversed, and a new trial ordered.

REVERSED.