PHENIX INSURANCE COMPANY ET AL. *v.* JACOBS ET AL.

[No. 3,113.   Filed December 14, 1899.]

APPEAL AND ERROR.—*Consolidation of Cases on Appeal.*—In consolidated cases, two defendants against whom two separate judgments were taken, joined in one appeal, filing but one assignment of errors, one transcript, and one brief in behalf of both. The issues between the appellees and each of the appellants were the same, and a decision of the questions raised would be conclusive against either appellant. The appellees appeared and entered joinder in error, and the cause was submitted by agreement. *Held,* that a subsequent motion on the part of the appellees to dismiss the appeal, on the ground that a separate appeal should have been taken from each judgment, came too late. *pp. 510-512.*

SAME.—*Pleading.—Answer.*—To sustain a demurrer to an answer is not available error where the defense set up therein affirmatively appears from a special finding of the jury within the issues to have no foundation in fact. *p. 514.*

GARNISHMENT.—*Release of One Garnishee Defendant.*—A release of one garnishee by attachment plaintiffs, while retaining all their rights against other garnishees, will not affect the other garnishees, indebted to the attachment defendant, and not to the garnishee released. *p. 515.*

APPEAL.—*Evidence.*—*Objection.*—An objection to the admission of evidence on the ground that it is "incompetent, irrelevant and immaterial" is too general and indefinite to present any question on appeal.    *pp. 515, 516.*

SAME.—*Evidence.*—*Admissibility of.*—Where a question asked a witness was objected to by opposing counsel, but the overruling of the objection was not assigned as cause for a new trial, the question as to the admissibility of the evidence will not be considered on appeal. *p. 516.*

EVIDENCE—*Copy of Letter.*—The introduction in evidence of a copy of a letter is not available error, where, afterwards, in connection with the testimony of the witness the original letter was introduced. *pp. 516, 517.*

SAME.—*Objections Not Raised in Trial Court.*—Objections to evidence not raised in the trial court will not be considered on appeal. *p. 517.*

SAME.—*Telegram.*—*Agency.*— Where the fact of agency is otherwise proved, it is not error to admit in evidence a telegram pertaining to the business of the agency, upon the ground that the telegram is a paper prepared by the agent to prove his agency. *p. 517.*

SAME. — *Self-Disserving Declarations by Attachment Defendant.*—Statements made by the attachment defendant after the garnishee has been served are not admissible, as self-disserving declarations, against the attachment plaintiff and in favor of the garnishee. *p. 520.*

TRIAL.—*Witness Directed by Court to Leave Stand.*—It is not prejudicial error for the court to direct a witness to leave the stand after such witness has answered the last question propounded to him on cross-examination, and no objection is made to his answer. *p. 520.*

From the Elkhart Circuit Court. *Affirmed.*

*L. W. Vail, E. D. Salsbury* and *P. L. Turner,* for appellants.

*C. W. Miller, J. Drake, E. A. Dausman, W. L. Stonex, J. D. Osborn, A. S. Zook, A. Deahl* and *B. F. Deahl,* for appellees.

BLACK, J.—An action was brought in the court below in 1893 by the LaPorte Carriage Company against the appellee James M. Jacobs, upon certain bills of exchange, and in attachment, and proceedings in garnishment were instituted against one Harry W. Hixon and the appellants, the Phenix Insurance Company of Brooklyn, New York, and the Penn-

sylvania Fire Insurance Company, of Philadelphia, Pennsylvania. Many other creditors of said Jacobs, who are appellees herein, also brought actions and instituted proceedings in attachment and garnishment, filing under the cause so first instituted. The several claimants recovered judgment upon their causes of action and in attachment against said Jacobs. The original plaintiff having dismissed its proceedings in garnishment, the subsequent claimants prosecuted their proceedings against the appellants as garnishees under one of the causes, that of the appellee John E. Rigney. The two insurance companies, the appellants, each filed similar answers, in nine paragraphs. A demurrer to the ninth paragraph of each answer was sustained. The proceedings against the appellants on behalf of all the claimants were tried together by jury in consolidation with the case of said Rigney. The jury found that the garnishee defendants, the appellants, should each be ordered to pay into court a certain specified sum; and the jury also returned answers to interrogatories submitted upon requests of the parties. The appellants in one motion "each severally and separately" moved for a new trial, and to the overruling of this motion the appellants by counsel excepted, and thereupon the court rendered judgment against each of the appellants for a certain amount. In one assignment of errors, the appellants assign errors "severally and separately."

The claims against the appellants were based upon their several policies of insurance upon a barn owned by said Jacobs, the attachment defendant. The appellees have moved to dismiss the appeal, assigning as grounds for their motion that separate judgments against each appellant severally are embodied in one appeal; that only one transcript of two separate cases is filed, that only one assignment of errors is made, and that only one brief is filed, and that on behalf of the two appellants jointly.

The transcript on appeal, with the assignment of errors, was filed in the Supreme Court on the 22nd of June, 1898,

and the appellees then appeared and entered their common joinder in error, and at the same time the parties submitted the cause for hearing by agreement, and a supersedeas was issued afterward under a stipulation of the attorneys for the several parties, the time for the filing of the brief for the appellants was extended, and it was filed on the 14th of October, 1898. The motion to dismiss was filed on the 10th of April, 1899, and on the 17th of the same month the cause was transferred to this court.

The issues between the appellees and each of the appellants were alike, and they were all tried together, and the matters in dispute here pertaining to the trial affected both of the appellants alike. We have jurisdiction of the persons and of the subject-matter. Whatever view might be the proper one to be taken of such a motion if made upon the first opportunity, we are of the opinion that the cause should be retained by us for the consideration of the assignment of errors.

After appearance of the appellees, and joinder in error and submission of the cause by agreement, we think the motion for the dismissal of the appeal was too late, where, as here, we may pass upon the questions affecting each of the appellants raised in the consolidated cases tried together, as well as if presented in separate appeals upon two transcripts, the decision in one of which would inevitably determine the result in the other.

The Phenix Insurance Company in its ninth paragraph of answer as garnishee alleged, in substance, against the further maintenance of the action, that the garnishment proceeding against that company was intended to reach a supposed indebtedness from it to said Jacobs on a contract of fire insurance entered into on the 9th of January, 1893, for a period of one year, whereby said company insured and agreed to indemnify said Jacobs against loss by fire on a certain livery barn, situated in Elkhart county, Indiana, which policy was issued at the Goshen, Indiana, agency of the company and

numbered 843; that on the 9th of August, 1893, said barn was entirely destroyed by fire, and a claim was made by said Jacobs upon said company for payment under said policy of $875; that subsequently, on the 12th of October, 1893, said Jacobs, by a written instrument, assigned all his right, title, and interest in and to said policy of insurance to one Henry W. Hixon, which instrument was set out in this paragraph of answer, bearing date of October 12, 1893, and purporting to be an assignment to said Hixon by said Jacobs of all the latter's right, title, and interest in and to policies No. 476 of the Pennsylvania Fire Insurance Company of Pennsylvania, No. 847 of the German American Insurance Company of New York, and No. 843 of the Phenix Insurance Company of Brooklyn, New York, all of said policies issued at their Goshen, Indiana, agencies, by the firm of Wilson & Wehmeyer, and all covering one livery barn and stock of said Jacobs, which burned on the 9th of August, 1893, all of which insurance, it was stated, had been adjusted, but drafts not yet paid.

It was further alleged that after the commencement of the attachment and garnishment proceedings herein, to wit, on the 12th of February, 1895, all the plaintiffs by their attorneys made a full and complete settlement of said claims with said Hixon, and he paid plaintiffs $200, as and for a complete settlement of said claim, and all claims and demands against him as the assignee of said Jacobs and garnishee in this proceeding, and the plaintiffs, by a written instrument duly executed, released, settled, and compromised all their claims and demands against said Hixon as assignee of said policies and as garnishee defendant herein, which written instrument is set out. It was thereby stated that, in consideration of the sum of $200 cash paid by said Hixon, the subscribing attorneys representing all the attachment and garnishee plaintiffs in the various causes then pending in the court below, wherein said Jacobs was attachment defendant and the appellants and said Hixon were garnishee defendants, agreed that,

as to the further prosecution of said actions against said garnishee defendants, the signers of the instrument would collect from the appellants, if collection could be made against said insurance companies, and if they should fail to collect from the appellants, then, and in any event, all garnishee proceedings against said Hixon should be dismissed at the costs of the plaintiffs.

It was further alleged that said claim under policy No. 843 was the only claim held by said Jacobs or his assignee, said Hixon, at the commencement of the garnishment proceedings herein as against said Phenix Insurance Company; that on the 12th of February, 1895, said Hixon paid the plaintiffs and attaching creditors said sum of $200, and they accepted said sum in full discharge of all claims against said Hixon as the assignee of said Jacobs and as garnishee in said action; which claim so settled and compromised was the same claim in controversy between said creditors and said Phenix Insurance Company.

The ninth paragraph of answer of the appellant the Pennsylvania Fire Insurance Company was the same as the ninth paragraph of answer of the other appellant except as to the name of the company and the number of the policy.

Of course, the meaning and effect attributed by the pleader to the written instruments set forth in the pleading as the foundation thereof must yield to the proper construction of the terms of the instruments themselves. Any supposed interest of the appellants in the connection of Hixon with the proceeding would depend alone upon the alleged assignment set forth in the answer. If he became the real owner of the claims upon the policies before the institution of the proceedings in attachment and garnishment, the appellants could not be made liable as creditors of Jacobs. The appellants were not deprived by the ruling on the demurrer to the ninth paragraph of answer of a presentation of the question as to the effect of this alleged assignment, which was set up in another paragraph of answer by each of the appel-

lants, and the jury found specially that it was a sham in fraud of Jacob's creditors, and that Hixon was not at any time the real owner of the claims against the insurance companies.

If the attorneys for the appellees without special authority might bind their clients by a release of a garnishee made out of court, the release of Hixon as garnishee could not affect the liability of the appellants, if they were not indebted to Hixon but continued to be indebted to Jacobs. The pretense of the ownership of Hixon being thus negatived, there could be no available error in excluding from the trial of the cause a question whose effectiveness depended wholly upon the truth of such pretense. But, whether or not the sum of $200 mentioned in the release was paid by Hixon, as asserted in argument, on account of money collected by him upon a policy on the personal property in the barn, it does not appear from the answer that the appellants at the time of this release had paid anything on their policies, and the release set forth in the answer was merely an agreement to pursue the appellants alone as garnishees, that is, as parties indebted to Jacobs, and to dismiss the garnishee proceedings against Hixon. Such an agreement would not release the appellants for any real indebtedness of these insurance companies to Jacobs; that is, from their liability as garnishees. There was no recognition of the effectiveness of the assignment to Hixon. The right to prosecute further the proceedings against the appellants was expressly reserved, and all the consequences, favorable to the plaintiffs, that might accrue to Hixon through such further prosecution were impliedly included in the reservation. The agreement thus stipulating for the further prosecution of the actions and to establish as against the appellants as garnishees that the assignment, as charged in the affidavits in attachment, was made to defraud creditors, could not operate as a bar to such further prosecution.

On the trial, Frederick G. Cowie, a witness for the appellees, was asked on their behalf what relation, if any, Robert

R. Manners and William N. Johnson occupied to insurance companies, and to what insurance companies. Counsel for the appellants objected to the question, stating as grounds of objection, "that it is incompetent, irrelevant, and immaterial." The objection having been overruled, the witness answered: "Mr. Manners, as I understood from himself, was the adjuster for the Phenix Insurance Company, of Brooklyn,. New York; Mr. Johnson was a general adjuster, I believe, for the Pennsylvania and one other company. I forget what it was now."

The appellants assigned as a cause in the motion for a new trial the admitting of this testimony, and in argument it is contended that it was improper for the witness to testify that he learned from Mr. Manners that he was adjuster, for the reason that agency could not be so proved; also, that the answer that Manners was an adjuster was but the statement of a conclusion.

Aside from the fact that the objection was too general to present any question (*Swaim* v. *Swaim*, 134 Ind. 596; *Miller* v. *Dill*, 149 Ind. 326; *Mortgage Trust Co.* v. *Moore*, 150 Ind. 465; *State* v. *Hughes*, 19 Ind. App. 266), the overruling of the objection was not assigned as cause for a new trial, and the impropriety of the question is not urged by counsel. If the answer contained improper matter, there was no motion to strike out the answer or any part of it, nor was the impropriety of any part of the answer suggested to the court in any manner.

What we have said of this cause in the motion for a new trial is sufficient for the disposal of some other causes discussed in the briefs of counsel.

Objection was made to the introduction in evidence on behalf of the appellees, in connection with the deposition of one of their witnesses, of a letter-press copy of a certain letter, upon the ground that no proper foundation had been laid for the introduction of a copy. Upon the statement of counsel for the appellees that notice had been served upon the

Phenix Ins. Co. v. Jacobs.

defendant to produce the original letter, and that the defendant could not produce it, the court overruled the objection and the copy was introduced. Afterward, in connection with the testimony of this witness, the original letter was introduced. We can not conclude that the defense was improperly affected by the introduction of the copy.

Some of the objections urged here in argument to certain evidence introduced on behalf of the appellees do not appear to have been suggested to the trial court. This is a sufficient reason why such objections should not be pressed in this court.

There was objection to the introduction in evidence of a certain telegram sent from Cowie to Wilson & Wehmeyer, the ground of objection being that the telegram was a matter introduced by the agent himself to prove his own agency, a paper prepared and executed by himself to prove his own agency. This objection was not well taken. The agency of the sender and that of the receivers of the telegram were sufficiently proved, and the telegram related to the business in which they all were acting as agents. It was proof of a pertinent act of the agent, whose agency was otherwise proved.

A witness for the appellants, one John Dunn, testified that he met the attachment defendant, Jacobs, at Golconda, Illinois, in April, 1894, and that the witness was then in the employment of a certain detective agency. On his examination as a witness, he was asked on behalf of the appellants to state what conversation he had at that time and place in relation to going to do business under a partnership arrangement. The appellees having objected to this question, the appellants offered to prove by the witness that he inquired of Jacobs his ability to put up his share of the money, to which Jacobs replied that he would have a considerable sum paid him in a short time from the insurance companies at Goshen, Indiana; that he had insured his livery barn; that he said to the witness that if their business did not prove satisfactory, they

could after a while insure it and sell it to the insurance companies, that he had done that before, and it was a thing easily accomplished if carefully managed; that this conversation took place at Golconda, Illinois, about April 21, 1894. Thereupon the court sustained the objection of the appellees. In answer to another question the witness testified that he had a conversation with Jacobs in the latter part of June or the first of July, 1894, relative to burning his barn in Goshen. He was then asked by the appellants to relate that conversation. Counsel for appellees objected to the question, and the appellants offered to prove by the witness that he did have a conversation with Jacobs in relation to the burning of his barn; that Jacobs told the witness about the horses that were burned and about the buggies that were scorched, and as he came to the origin of the fire he laughed and said that they had never been able to prove what that was; and after a few minutes conversation on that subject, he said: "I am talking about this fire, and my attorney at Goshen and John E. Rigney wrote me never to talk about it, as perhaps the insurance companies might have a man down here to get all the information they can, and, for all I know, you may be working for the insurance companies or may be a con. man, although you have done me some good turns and always been my friend." It was thereupon stipulated and agreed between the parties that this witness was sent to interview Jacobs on the subject of this fire by the insurance companies, at the time of this last conversation, and at that time the witness was in the employ of these insurance companies, and had been sent by them to see Jacobs. Whereupon, the court sustained the objection to the question.

It is contended by the appellants that the testimony thus offered by the witness Dunn was competent; but we think the court did not err in its rulings.

The alleged conversations with Jacobs occurred long after the commencement of the proceedings in attachment and garnishment, and long after the appellants had appeared

therein and filed their answers as garnishees. Whatever may be said concerning the statements of Jacobs to which the witness Dunn would have testified, if they had been made by Jacobs testifying as a witness in this cause, they were plainly hearsay, and the offered evidence was inadmissible, unless what was to be related by the witness could be regarded as constituting admissions on the part of Jacobs prejudicial to himself and favorable to the garnishees, and, unless so regarded, they were admissible against the attaching creditors. Whether or not they were really self-disserving as to Jacobs we need not pause to inquire, but assuming that they might be so regarded, then we can not hesitate to hold that the rights of the attaching creditors could not be affected thereby.

An admission which is non-contractual, one which does not, by reason of having been acted upon, amount to an estoppel, and which may be shown in evidence against a party, does not constitute evidence itself of a fact in issue, but is merely a waiver by the party who made it of his right to require the other party to prove a particular fact in issue. The admission merely relieves the party relying upon it from proving the fact.

It would open the way to fraud to permit the owner of a chose in action to defeat the claim against his debtor by an admission made, not under oath and out of court, to a stranger, after an attachment plaintiff had acquired a right in such chose in action by his proceeding in garnishment and while the cause was still progressing against the garnishee.

Though by reason of the right of the attachment defendant to any surplus remaining after the payment of the claims of attaching creditors he may be said still to have some interest in the debt of the garnishee, it is not an interest held by the attachment defendant jointly with the atachment plaintiff, but there is rather a community of interest in such case where there will be such a surplus; and in any case, that is, whether or not there will be such a surplus, the

interests of the attachment plaintiff and defendant are hostile, and the latter may not by his acts or statements subsequent to the service of the garnishment waive the rights of the former, or relieve the garnishee from his liability to the attaching creditor.

Statements made by the attachment defendant after the garnishee has been served are not admissible, as self-disserving declarations, against the attachment plaintiff and in favor of the garnishee.

In *Warren* v. *Moore*, 52 Ga. 562, it was held, that in a case of garnishment the sayings or letters of the principal debtor made or written after service of garnishment are not competent evidence against the plaintiff to show want of title in the debtor to the property or effects in the hands of the garnishee.

In *Willis* v. *Holmes*, 28 Ore. 265, 42 Pac. 989, it was held that statements of the attachment defendant to the effect that he had been paid by the garnishee, made after the service of the garnishment, to persons not parties, were not admissible in evidence against the attachment plaintiff.

George Warren, a witness produced by the appellees, having testified as to the reputation for truth of one Edward Tipmore, who had testified as a witness for the appellants, was cross-examined on behalf of the appellants. After he had answered a number of questions on cross-examination, he was directed by the court to leave the witness stand, which the witness did; whereupon the appellants excepted to the action of the court in ordering the witness to leave the stand before the cross-examination was completed.

The witness had answered the last question propounded to him before the court directed him to leave the stand, and the answer had not been struck out, and there was no motion on behalf of the appellants to strike it out. After the court had so relieved the witness no question was propounded to him by either party. In the absence of a question to the witness, we can not say that the appellants were injuriously

affected by the action of the court; to do so, we must be able to see how they were harmed; and to say that they were harmed in any respect would be mere conjecture.

The judgment is affirmed.