DRUCILLA DUNNING, Appellee, v. E. A. BAILY, Garnishee, Appellant at Suit of Plaintiff, v. S. C. BAILY *et al.*, Defendants.

Garnishment: FRAUDULENT CONCEALMENT OF PROPERTY: EVIDENCE.
1  The evidence in a garnishment proceeding of the wife as having in her possession moneys and credits belonging to the judgment defendant, her husband, considered, and held to show that the notes in the hands of the garnishee were the property of defendant and subject to garnishment.

Same: GIFTS. Where the wife, a garnishee under a judgment
2  against the husband, expressly denied in a former suit ever owning any notes given her by her son, and there was evidence that the notes were the property of the husband, the wife cannot defeat the garnishment on the ground that the transaction amounted to a gift from defendant either to her or the son; and this is especially true when first suggested on appeal.

Garnishment: PROPERTY OF HUSBAND IN WIFE'S NAME: INSTRUCTION.
3  Where the wife is garnished as the supposed debtor of the husband, an instruction that if the garnishee had no property

of her own, and property which originally belonged to her husband and in his name was transferred to his son and that such property, or a note given therefor, was taken in the name of the garnishee, for which she gave no consideration, the same was liable for her husband's debts, was proper.

Fraud: EVIDENCE: INSTRUCTION. Where it is claimed that prop-
4    erty sought to be reached by garnishment was transferred by the judgment debtor to his wife in fraud of creditors and there is evidence of a conteyance of real property from a son to the wife at about the same time, an instruction permitting the jury to consider the same as bearing on the good ' faith of the transfer to the wife is proper.

Exoneration of Garnishee. Where a garnishee after notice treats.
5    property of the judgment debtor in his hands as his own, he is not entitled to a discharge on offering to deliver the property but is liable to a judgment for the value of the property in his hands.

*Appeal from Jones District Court.*—HON. H. M. REMLEY,. Judge.

WEDNESDAY, MAY 27, 1903.

GARNISHMENT proceedings against E. A. Bailey, who was garnished as having in her possession moneys, credits,. and other property belonging to the judgment defendant,. S. C. Bailey, her husband. On trial to a jury, a verdict was returned finding that E. A. Bailey held such property,. and judgment was rendered against her for the amount of plaintiff's judgment against defendant S. C. Bailey, with. costs. The garnishee appeals.—AFFIRMED.

*F. L. Anderson* for appellant.

*Ellison & Ercanbrack* and *Voris & Haas* for appellee..

DEEMER, J.—At the time the garnishment was served plaintiff held a judgment against S. C. Bailey for something more than $200 and costs. He caused execution to issue on said judgment, and E. A. Bailey, the wife of the judgment defendant, was garnished thereunder. The

garnishee denied having or holding any money, credits, or property of any kind belonging to the judgment defendant. Plaintiff filed a pleading controverting this answer, and on the issue thus joined the matter was submitted to a jury, with the result above indicated.

The evidence shows that, at the time she was garnished, the garnishee held a note for the sum of $1,075; executed by D. S. Bailey and Cora Bailey on May 24,. 1901. This was given in lieu of another note for the sum of $1,200 executed by the same parties on May 24, 1899. Plaintiff claims that, while these notes were made payable to E. A. Bailey, they in fact belonged to her husband,. S. C. Bailey, and the case was submitted to the jury on this issue. The garnishee offered no evidence, and the case was submitted on that produced by plaintiff.

We have then to determine, first, whether or not the verdict has support in the evidence. Under such circum stances, plaintiff is entitled to rely not only on the direct evidence in his favor, but on all reasonable and proper inferences therefrom. The evidence shows 1., GARNISH- that the garnishee on the 27th day of December, 1900, in the trial of an action in the district court of Linn county between one Bolton and this garnishee, testified that she had no money or notes of any kind, and that she owned no notes given to her by her sons (the makers of the $1,075 note are garnishee's sons); that all her money was invested in a homestead in the town of Marion. She produced on this trial the $1,075 note, in response to a subpœna, and this note was introduced in evidence. At the same time she admitted that this note was given her in lieu of one for $1,200 or $1,250 given her by the same parties on May 24, 1899. It also appeared that S. C. Bailey at one time did some business with the Farmers' & Merchants' Bank of Marion. It further appears that some certificates of deposit were at one time issued by this bank to D. S.

Bailey, son of S. C. and E. A. Bailey, for money deposited by S. C. Bailey; that these certificates were on May 23, 1899, canceled, and new ones issued for the same amounts in the name of E. A. Bailey. On May 24, 1899 (it being the date of the original note to E. A. Bailey), these certificates of deposit which had been issued to her were returned. They were indorsed, "E. A. Bailey and D. S. Bailey." There is also evidence from which a jury may have found that the deposit was made in the bank originally by S. C. Bailey. From this evidence a jury may well have found that the whole transaction was a cover to conceal S. C. Bailey's property, and that the note for $1,075, as well as the other notes, belonged to him. There was no pretense that the garnishee ever in fact deposited any money with the bank, and nothing but the fact that the certificates at one time stood in the name of D. S. Bailey to indicate that he ever had any ownership of them. · But the jury was warranted in finding from the evidence we have recited, and especially the dates of the various transactions, that the note of which the $1,075 one is a renewal was given for the certificate of deposit, which at one time was in his name, and was by him transferred to his mother. As the garnishee held the original note in her possession when the garnishment was served, and as she produced upon the trial the $1,075 one, which was made payable to her, there was sufficient evidence, we think, to justify the conclusion that the notes belonged in fact to the judgment defendant, and were subject to garnishment in the hands of E. A. Bailey.

It is said there was no evidence of the debtor's insolvency, and that as the transaction may have amounted to a gift from father to son, or from husband to wife, plaintiff could not recover without such evidence. If there were any basis in fact for these claims, the point would be well taken, but there is not. The garnishee explicitly denied ever owning the notes or the

2. SAME: gifts.

certificates of deposit. If the certificates were given to the son, we should hardly be expected to see him making notes to his mother for the amount thereof. Moreover, this question does not seem to have been presented to the trial court. It is raised for the first time here, and for that reason alone we should not consider it.

Further, it is argued that the garnishee is not shown to have had possession of the notes or the certificates. There was enough evidence to take the case to the jury on these propositions.

II. Certain instructions are complained of. The assignments of error are not sufficient to present the questions argued. *Fitch v. Traction Co.*, 116 Iowa, 716. But 3. GARNISHMENT: property of husband in wife's name. if they were, we find no such errors as the garnishee complains of. The two principal ones were as follows: "(4) If you find from the evidence that the defendant did not have any property of her own, and that property which was originally owned by S. C. Bailey, and was in his name, was transferred to the name of D. S. Bailey, a son of E. A. Bailey, and that said money, or a note given therefor, was taken in her name, and that the said E. A. Bailey gave no consideration for said transfer, then, as between the plaintiff and E. A. Bailey, the same would be, in law, the property of S. C. Bailey, and would be liable to the payment of his debts, and your verdict would then be in favor of the plaintiff. (5) Fraud is not presumed, but must be shown by the evidence. In determining whether or not the transactions between the said S. C. Bailey and D. S. Bailey and the defendant E. A. Bailey were in good faith, you may consider the relations between the parties, and you should scan the transfer of property between husband and wife and children carefully, when the rights of creditors are concerned; and you can consider whether or not the defendant explained the transaction, as to their good faith, when she had an opportunity, as a circumstance bear-

ing upon the question of good faith." There was no error, under the issues, in either of them. *Corn Exchange Bank v. Applegate*, 91 Iowa, 411; *Glenn v. Glenn*, 17 Iowa, 498.

Evidence as to a transfer of real property from the son to the mother was received without objection. The court instructed that the jury might consider this circumstance

4. FRAUD; evidence: instruction. on the question of good faith. This was eminently proper. As the conveyance was made about the same time as the other transactions between the parties, and in view of the fact that no objection was offered to the evidence, and the further fact that it seems, in a measure, at least, to be connected with the transactions relating to the notes and the certificates of deposit, there was no error. We have already observed that there was neither pleading nor proof of an advancement or gift from parent to child, or from husband to wife; hence there was no necessity for instructing as to either of these matters.

III. Code, section 3946, provides, in substance, that a plaintiff in garnishment may have a judgment against the garnishee for the delivery to the sheriff of any prop-

5. EXONERATION of garnishee. erty in the garnishee's hands belonging to the defendant, within a time to be fixed by the court, and for the value of the same as fixed in said judgment, if not delivered within the time fixed, unless before such judgment is executed the garnishee has delivered to the sheriff such property. Section 3944 provides that a garnishee may, at any time after answer, exonerate himself from further responsibility by placing at the sheriff's disposal the property of the defendant. The jury rendered a verdict for plaintiff for the amount of his judgment against S. C. Bailey. Defendant filed a motion for a new trial, and, subject thereto, offered to deliver to the court or to the sheriff the $1,075 note, and asked to be relieved from all further responsibility as garnishee. The motion was overruled, and an unconditional judgment was

rendered against the garnishee for the amount of the verdict. This is complained of, and the statutes to which we have referred are relied upon for a reversal of the judgment, or a modification of the order. But for the fact that the garnishee, after notice was served upon her, undertook to deal with the property then held by her as her own, and substituted the $1,075 note for the one executed May 24, 1899, we should be inclined to agree with counsel in some of their contentions. It was the garnishee's duty to hold the property in the condition it was in when she was garnished. Having failed to do so, she was guilty of a conversion thereof, and judgment against her for the amount of plaintiff's claim was correct. *Ry. Co. v. Hall*, 37 Iowa, 620; *Thayer v. Partridge*, 47 Vt. 423; *Citizens' Bank v. Fuel Co.*, 89 Iowa, 618. Through the conversion of the property, the garnishee became liable to plaintiff, and there was no error in the judgment. *Liddle v. Allen*, 90 Iowa, 738. The garnishee did not offer to surrender the property which was in her possession at the time of the garnishment. This she could not do, because she had converted it.

There is no error in the record, and the judgment is therefore AFFIRMED.