Argued June 17, decided June 24, 1913.

## MOUNTAIN TIMBER CO. *v.* CASE.

(133 Pac. 92.)

**Pleading—Judgment on Pleadings.**

1. Judgment on the pleadings on motion will not be rendered, where the answer sets up an issuable defense.

**Judgment—Pleadings to Support—Attorneys' Fees.**

2. Plaintiff cannot be allowed attorneys' fees, where his cross-bill to enjoin defendant from prosecuting an action at law upon promissory notes did not contain any allegations as to attorneys' fees, and there was no proof thereof, plaintiff only being entitled to the attorneys' fees allowed by Section 561, L. O. L., given to the prevailing party as costs.

**Appeal and Error—Review—Discretion—Costs.**

3. Taxation of costs and disbursements in equitable proceedings rests in the court's sound discretion, and is only reviewable upon abuse thereof.

**Corporations—Subscriptions—Actions—Conditions Precedent.**

4. Where a contract subscribing for corporate stock provided that the price should be paid on or before a specified day, no demand for payment of subscription was necessary as a condition to sue to recover it, the subscriber being bound to pay on demand, or on the day specified without demand.

[As to the liability to corporations of subscribers to stock, see note in 93 Am. St. Rep. 349.]

[As to the statute of limitations in action against stockholders, see note in 96 Am. St. Rep. 972.]

[As to when a subscriber to stock becomes a stockholder, see note in Ann. Cas. 1913C, 418.]

65 Or.—27

Corporations—Stock Subscription—Interest.

5.   Section 6028, L. O. L., providing that the rate of interest shall be 6 per centum per annum on all moneys after the same became due, applies to balances due on subscriptions to corporate stock.

From Multnomah: John P. Kavanaugh, Judge.

Statement by Mr. Justice McNary.

Plaintiff, the Mountain Timber Company, a corporation, brings this suit against Willard Case by means of a cross-bill to enjoin the defendant from the prosecution of an action at law upon an instrument denominated a promissory note for $37,500, attorneys' fees, costs and disbursements, and invokes the court for affirmative relief against defendant. The facts and circumstances inducing the litigation are both complex and voluminous, and for that account the statement herein will be limited to an exposition of the legal propositions involved by this appeal, namely, did the court err in overruling plaintiff's motion for judgment on the pleadings, and in decreeing that no attorneys' fees or interest be allowed either party, and that each party pay its own costs? During the summer of 1910 the defendant brought the action mentioned against the plaintiff in the Circuit Court of the State of Oregon for Multnomah County. Plaintiff appeared and filed a cross-bill in equity, wherein, among other things, it alleged the foundation of the cause of action was not a promissory note, but a memorandum of a subscription agreement whereby defendant was bounden to purchase, at its par value, $125,000 of the capital stock of plaintiff, and to surrender said written obligation in part payment thereof on March 1, 1910, at which time plaintiff asserted a demand was made for the payment of such subscription. An order of injunction restraining defendant from proceeding further in the law

action was prayed; likewise a demand for interest on the alleged stock subscription of $37,500, from the time of maturity of payment, with interest at the rate of 6 per cent per annum, and costs and disbursements.

Defendant responded to the cross-bill and filed an answer containing certain admissions, denials, and matters in the nature of a separate defense, and asserted there was $37,500 unpaid on his subscription to the capital stock of plaintiff, but denied the amount was due March 1, 1910, or that same was due or had been demanded at the time of the institution of this suit.

A reply brought the issues to a close. After trial, the court entered a decree ordering defendant forthwith to bring the written note into court, that the same be canceled, and defendant be credited with the payment of $37,500 upon his subscription to the capital stock of plaintiff, and that neither party be allowed attorneys' fees, interest, or costs. Seasonably thereafter plaintiff served upon defendant and filed in the lower court a notice of appeal which specified its displeasure to that part of the decree which adjudged "that no attorneys' fees or interest be allowed to either party herein, and that each party should pay its own costs."                                MODIFIED.

For appellant there was a brief over the names of *Mr. C. F. Saunders, Mr. E. C. Strode* and *Messrs. Abel & Burnett,* with an oral argument by *Mr. Saunders.*

For respondent there was a brief over the names of *Mr. W. G. Drowley* and *Mr. A. L. Miller,* with an oral argument by *Mr. Drowley.*

MR. JUSTICE McNARY delivered the opinion of the court.

1. The first assignment of error made by plaintiff is directed to the refusal of the trial court to sustain a motion for judgment on the pleadings. The motion was properly denied, as the pleadings presented issues of fact, and while they remained undetermined, no judgment could have been entered on the motion. Such a judgment cannot be given when the answer sets up an issuable defense: *Willis* v. *Holmes,* 28 Or. 268 (42 Pac. 989); *Watkins* v. *Southern Pacific Ry.* (D. C.), 38 Fed. 712 (4 L. R. A. 239); 23 Cyc. 769.

2. No error was committed by the court in refusing to allow plaintiff to recover attorneys' fees, as the cross-bill contains no allegations relative thereto, nor was any proof offered in support thereof. The only assistance the court could give plaintiff in the remuneration of his attorneys' fees was that allowed by Section 561, L. O. L., which is often called prevailing or statutory attorneys' fees, but comprehended under the term "costs."

3. Plaintiff takes the position that the court erred in its refusal to give plaintiff a judgment for its costs, and argues the denial thereof was an abuse of judicial discretion. It is admitted that the taxation of costs and disbursements in an adequate proceeding rests within the sound discretion of the court, and that only an abuse thereof is reviewable. We find nothing in the record indicative of an abuse of discretion. We think the court exercised a sound judgment upon all the facts and circumstances of the case, and that the judgment requiring each party to pay its own costs and disbursements did not work an injustice.

4. Finally, it is urged by plaintiff that the court committed error in not allowing interest on the stock subscription of $37,500 from March 1, 1910, at the

rate of 6 per cent per annum. In his answer defendant admits the amount of his subscription and the nonpayment thereof, but denies that it was due on the aforesaid day, or that payment had been demanded at the time plaintiff's cross-bill was filed. The written contract of subscription signed by defendant provides, in substance, that the capital stock of plaintiff was to be paid in cash upon demand of the treasurer of the company, and on or before March 1, 1910. Some conflict exists in the evidence concerning whether the plaintiff made demand on the defendant for the payment of the stock subscription on March 1, 1910. The trial court made findings to that effect, and which in the light of the testimony we believe should not be disturbed. However, it is our opinion no demand for payment of the subscription was necessary as a condition precedent to the right to recover from defendant, as he had agreed to pay the amount subscribed on or before a certain specified day.

Defendant had the privilege of paying the subscription on or at any period of time anterior to March 1, 1910, unless plaintiff sooner matured payment by a demand through its proper officer. The duty rested on defendant to meet the subscription, either on demand of plaintiff or, in the absence thereof, not later than the time agreed upon and specified therefor: 2 Clark & Marshall, Corp., § 498; *Davis* v. *Glenn*, 72 N. C. 519; Cook, Corp. (6 ed.), § 106.

5. Holding to the view that the subscription contract imposed a legal obligation upon defendant to make payment not later than March 1, 1910, we think the additional obligation lay upon defendant to pay interest on the subscription from the time of default in payment at the statutory rate of 6 per cent per annum. Section 6028, L. O. L. provides: "The rate of interest in this state shall be 6 per centum per annum,

and no more, on all moneys after the same becomes due.'' In the case of *Hawkins* v. *Citizens' I. Co.*, 38 Or. 544 (64 Pac. 320), the court held this section applied to balances due on corporate subscriptions. This view seems to be in accord with the great weight of authority: 2 Clark & Marshall, Corp., § 502; 1 Cook, Corp. (6 ed.), § 112.

We think the court erred in refusing to allow plaintiff interest as prayed for in its complaint; and, in consequence thereof, the decree of the Circuit Court will be modified in respect thereto.          MODIFIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.