Mattie Schooley, Appellee, v. O. E. Efnor, Appellee, et al., Appellant.

APPEAL AND ERROR: Review—Scope—Rulings Subsequent to Final Judgment. An appeal solely from a definite and specified final judgment precludes review on appeal of adverse rulings subsequent to the entry of said judgment, striking appellant's exceptions to instructions and motion for a new trial. (See Book of Anno., Vol. 1, Sec. 12823, Anno. 60 *et seq.*; Sec. 12832, Anno. 15 *et seq.*)

GARNISHMENT: Liability of Garnishee—Unharvested Crop—Evidence. On the theory, unquestioned in the trial court, that a tenant-garnishee was liable as garnishee for the value of crops which he willfully refused to harvest, in accordance with his contract obligation, no error results from permitting witnesses to testify to the value of the crops if harvested.

GARNISHMENT: Liability of Garnishee—Rental Value—Evidence. On the issue whether a tenant-garnishee was liable for the reasonable

rental value of land, the reception of evidence of such value will not constitute prejudicial error even though the record reveals the fact that the rent was fixed by written lease, when the reasonable rental value was fixed at a sum *less* than that fixed by the lease.

APPEAL AND ERROR: Decisions Reviewable—Exclusion of Question—
4  Necessity to Show Prejudice. No reviewable error results from excluding a question which does not, in and of itself, reveal that which the questioner is seeking to show, and the court is not, by proper offer, otherwise enlightened. (See Book of Anno., Vol. 1, Sec. 11548, Anno. 19 *et seq.*)

EVIDENCE: Declarations—Declarations of Defendant in Garnishment.
5  Declarations made by the attachment defendant after the garnishee has been duly served, are not admissible in favor of the garnishee and against the attaching plaintiff.

GARNISHMENT: Liability of Garnishee—Willful Destruction of Prop-
6  erty—Jury Question. Evidence tending to show that a garnishee had, subsequent to garnishment, willfully destroyed the property in his possession belonging to the defendant in garnishment, generates a jury question as to the liability of the garnishee. (See Book of Anno., Vol. 1, Sec. 11508, Anno. 52 *et seq.*)

Headnote 1: 4 C. J. p. 684. Headnote 2: 28 C. J. p. 310. Headnote 3: 28 C. J. p. 310. Headnote 4: 4 C. J. pp. 71, 74. Headnote 5: 28 C. J. p. 311. Headnote 6: 28 C. J. p. 316.

*Appeal from Jasper District Court.*—D. W. HAMILTON, Judge.

## JUNE 21, 1926.

The controversy is between the plaintiff, holding a judgment against the defendant, and the garnishee under execution issued on the judgment. From a judgment on a verdict for the plaintiff, the garnishee appeals.—*Affirmed.*

*Merrill L. Granger,* for appellant.

*Henry Silwold,* for Mattie Schooley, appellee.

*E. M. S. McLaughlin,* for O. E. Efnor, appellee.

VERMILION, J.—The appellee Mattie Schooley is the judgment creditor of the appellee O. E. Efnor. Execution was issued on the judgment, and levied by attaching as garnishee the ap-

pellant, Earl Efnor, a tenant occupying a farm belonging to the judgment defendant. The garnishee answered, denying any indebtedness, but admitting that he had in his possession certain oats, wheat, and growing corn belonging to the defendant. The plaintiff filed a pleading controverting the answer of the garnishee, and alleging that he was, and had been for a number of years, a tenant on the land of the defendant, and was to pay as rent one half of the crops grown on the farm, and cash rent for about 20 acres of pasture and meadow land; that the reasonable rental thereof was about $6.00 per acre; and that no cash rental had been paid. It was also alleged that the garnishee had refused to surrender to the sheriff a portion of the landlord's share of the oats, and to husk or to deliver to the sheriff any of the landlord's share of the corn grown on the leased premises. Upon the issues so joined, there was a trial to a jury, resulting in a verdict for the plaintiff, upon which the court, on April 21, 1925, rendered judgment.

Exceptions were filed by the garnishee to certain instructions. After the judgment, the garnishee filed a motion for a new trial. The plaintiff thereupon filed a motion to strike the garnishee's exceptions to instructions and motion for a new trial, on the ground that the garnishee had "filed no pleading in the case, which puts him in default, and he was entitled to no more than to cross-examine plaintiff's witnesses;" and also a motion for default against the garnishee, based on the same ground. Both of these motions by the plaintiff were sustained. Following this, the garnishee served a notice of appeal, which expressly stated that the appeal was from the judgment rendered on April 21, 1925.

1. APPEAL AND
ERROR: review:
scope: rulings
subsequent to
final judgment.

I. The appellee Schooley has presented a motion to dismiss the appeal, based on this somewhat novel and peculiar situation. The claim is that, by failing to appeal from the adjudication declaring him in default, appellant has lost the right to be heard on his appeal from the original judgment. In the view we take of other questions in the case, it is not necessary to determine the question so raised.

We are, however, of the opinion that, because of his failure to appeal from the order striking his exceptions to instructions and motion for a new trial, appellant cannot now be heard to

complain of the overruling or striking of such exceptions or motion. *Yockey v. Woodbury County*, 130 Iowa 412; *Incorporated Town of Conway v. Conway*, 190 Iowa 563.

It also follows that appellant is left without exceptions to the instructions, and that the errors assigned thereon cannot be considered.

II. There was no dispute that the garnishee was the tenant of the defendant, and that the latter was entitled to one half of the crops grown on the leased premises, as rent. There was a

2. GARNISHMENT: liability of garnishee: unharvested crop: evidence.

dispute as to whether the garnishee was to pay any cash rent for the pasture land. There was evidence tending to show that the garnishee, under his contract with the defendant, was to husk the landlord's share of the corn grown on the farm, and deliver it at market. It is shown, practically without dispute, that he refused to do this with respect to the corn growing on the premises at the time of the garnishment, and he admitted that in the following spring he harrowed the cornstalks in the field, without husking the corn.

Under the theory upon which the case was tried and submitted to the jury by the court's instructions, — which, in the absence of exceptions, became the law of the case, — there was no error in permitting a witness to testify to what the corn would have been worth, had it been gathered.

III. While there was some testimony tending to show that the garnishee occupied the defendant's farm under the terms of a written lease made with the defendant's grantor, in which the

3. GARNISHMENT: liability of garnishee: rental value: evidence.

amount to be paid for pasture land was fixed at $6.00 per acre, the claim of the plaintiff, as made in the pleading controverting the answer of the garnishee, was for the reasonable rental value of the pasture. There was no error in allowing a witness to testify that the reasonable rental was $5.00 per acre.

IV. The court refused to permit the garnishee to testify to the amount he had expended on improvements on the farm. It is sufficient to say that no such issue was presented by the pleadings.

V. Numerous complaints are made of the action of the court in sustaining objections to questions asked of appellant and his witnesses. Save in the instances to be presently noted,

**4. APPEAL AND ER-**
**ROR: decisions**
**reviewable:**
**exclusion of**
**question: neces-**
**sity to show**
**prejudice.**

the record fails to disclose, either by the form of the question or by an offer of testimony or otherwise, what was expected to be elicited by the questions. In such situation no prejudicial error is shown. *Miller v. McConnell*, 179 Iowa 377; *Wangen v. Upper Iowa Power Co.*, 185 Iowa 110; *McGuire v. Interurban R. Co.*, 199 Iowa 203.

VI.   One of the questions in the case was whether, under the arrangement by which he was occupying the farm of the defendant, the garnishee was to pay cash rent for the pasture land.

**5. EVIDENCE: decla-**
**rations: dec-**
**larations of**
**defendant in**
**garnishment.**

A witness for the garnishee was asked if the defendant had stated to her that he had no agreement with the garnishee for cash rental. It appeared from the testimony of the witness that the conversation inquired about occurred after the garnishment. Declarations made by the attachment defendant after the garnishee has been served, are not admissible against the attachment plaintiff and in favor of the garnishee. *Phenix Ins. Co. v. Jacobs*, 23 Ind. App. 509 (55 N. E. 778); *Warren, Wallace & Co. v. Moore*, 52 Ga. 562; *Willis v. Holmes*, 28 Ore. 265 (42 Pac. 989). There was no error here.

VII.   Error is also assigned on the refusal of the court to sustain motions for a directed verdict made by the garnishee at the close of the plaintiff's evidence, and at the close of all the evidence.   There was evidence tending to show

**6. GARNISHMENT:**
**liability of**
**garnishee: will-**
**ful destruction**
**of property:**
**jury question.**

that the garnishee, instead of gathering the corn, as his contract with his landlord required, or even preserving it, as it was his duty to do as garnishee (*Rankin v. Smith*, 174 Iowa 537), practically destroyed it.   He was clearly not entitled to a directed verdict on this branch of the case.   Section 12169, Code of 1924; *Howard County v. Kyte*, 69 Iowa 307; *Dunning v. Baily*, 120 Iowa 729.   There was also a conflict in the testimony as to whether the garnishee was to pay any cash rent.   Here, too, there was plainly a jury question.

We have examined with care such of the errors assigned as the state of the record permits us to review, and find none that are prejudicial.

VIII.   A motion to strike an amendment to appellee's additional abstract is overruled.   The conclusion reached renders it

unnecessary to pass upon the motion of appellee to submit the case upon the record as of the date when appellant's argument should, under the rules, have been served.

The judgment is—*Affirmed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.